**STATE of Missouri, Respondent,**

v.

**Nathaniel EDWARDS, Appellant.**

**No. 46599.**

Missouri Court of Appeals,
Eastern District,
Division Six.

May 1, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 1984.

David L. Hoven, Ballwin, for appellant.

Kristie L. Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Nathaniel Edwards guilty of second degree burglary and also of attempting that offense. The trial court sentenced defendant as a prior offender to concurrent ten year prison terms.

Here defendant challenges sufficiency of the evidence to show burglary. He also claims error in permitting the state at trial to amend its information charging unlawful entry for the purpose of stealing to charge attempted burglary.

The state's evidence: In early morning hours defendant and two others entered a vacant adjoining building through its unlocked skylight, and then from the basement broke through a common wall leading to the adjoining liquor store. Police were alerted by sounds from a remote burglar alarm in the liquor store, and then entered the adjoining vacant building. There they found a freshly cut hole in the common wall. In the vacant building they found two unnamed entrants; they also found defendant there lying nearby in a corner, covered by his coat. Nearby police found a chisel and sledge hammer, and loose rock on the floor. There was dust on defendant's clothing.

█ In weighing the state's evidence we consider as true, favorable evidence and reasonable inferences drawn therefrom. *State v. Puckett*, 611 S.W.2d 242[5] (Mo. App.1980).

Here, the opened skylight was evidence of a forcible entry; the hole in the basement wall showed an attempt to forcibly enter the liquor store; that the nearby sledge hammer and chisel showed those tools were used to make the hole; defendant's proximity to the tools and hole and his attempt to conceal himself from the police sufficed to show defendant was involved in the attempted burglary.

█ Comparing convictions in *State v. Hawkins*, 491 S.W.2d 342 (Mo.App.1973) and *State v. Means*, 628 S.W.2d 426 (Mo. App.1982) we deny defendant's challenge to sufficiency of the evidence.

Defendant challenges the trial amendment of the state's information from stealing to attempted burglary. See *State v. Leake*, 608 S.W.2d 564 (Mo.App.1980) hold-

ing the test of prejudice from the amendment is whether a defense under the original charge would be equally available after the amendment and whether the defendant's evidence would be equally applicable after the amendment.

In considering whether defendant suffered the loss of his defense that he entered the building to flee assailants and not to burglarize the building, the trial court stated his defense for the entry into these premises would be the same no matter what the crime intended inside would be.

■ Accordingly, we hold the amendment did not cause loss of defendant's defense to the charge. The original indictment gave him notice of the particulars of the charged offense and this notice was not diminished by the amendment. Thus defendant suffered no prejudice. Compare *State v. Velas*, 537 S.W.2d 881 (Mo.App. 1976). We hold defendant's point has no merit.

■ Last, defendant claims plain error in the trial court allowing the state to amend its information without formal arraignment. As in *State v. Drake*, 512 S.W.2d 166[15, 16] (Mo.App.1974),

"The charge was not materially changed against defendant. The amendment was not an abuse of discretion, since the defendant was not precluded from asserting any defense he may have had prior to the amendment nor was there any prejudice of his substantial rights of prejudicial surprise."

There was no prejudicial error here.

Affirmed.

SMITH, P.J., and SATZ, J., concur.