**STATE of Missouri, Plaintiff–Respondent,**

v.

**Danny E. WISE, Sr., Defendant–Appellant.**

No. 15170.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 22, 1988.

Motion for Rehearing or Transfer to Supreme Court Denied and Overruled Feb. 16, 1988.

Susan L. Hogan, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

Count I of an information charged the defendant committed rape by having sexual intercourse with R.J.L. who was less than 14 years of age and to whom he was not married. § 566.030.3. Count II of that information charged the defendant committed sodomy by having deviate sexual intercourse with R.J.L. § 566.060.3. A jury found him guilty of each count. The trial court sentenced him to imprisonment for 10 years upon each count as fixed by the jury. It further adjudged that such sentences should be served consecutively. The defendant presents four points on appeal.

The defendant does not question the sufficiency of the evidence. The following is a condensation of the testimony of R.J.L. She was born on September 9, 1972. The defendant is her uncle by marriage. She has known him as long as she can remember and considered him a friend. When she was in the fourth grade he started touching her through her clothing. He told her it was all right. "It just led where he'd take me to his house and make me take off my clothes and have sex with me." She was nine years old when the defendant first had sexual intercourse with her. She had sexual encounters with the defendant for about four years. Specifically in reference to recent occurrences, she said he had normal sexual intercourse with her in May, 1986. In June, 1986, he committed anal sodomy upon her. Also in June, 1986, he forced her to perform oral sodomy upon him.

The defendant did not testify. By cross-examination he established that he took R.J.L.'s deposition approximately one week before trial. In that deposition she testified the defendant made her perform oral sex a couple of times but she couldn't remember when. The state introduced a statement of the defendant given to officers of the Jasper County Sheriff's Department. In that statement, with the exception of the anal sodomy, the defendant substantially corroborated the testimony of R.J.L.

One of the defendant's points asserts the trial court erred in overruling his motion to discharge the jury because of an answer given by one panel member in the presence of the panel. That point is based upon the following. The state asked a general question if any member of the panel knew the defendant or any members of his family. A panel member knew he had a young son, stating the son's name. A second panel member then said a boy with that name at one time rode the school bus she drove. This panelist then volunteered the following:

I do recall something that, I don't even know his wife unless I happen to see her in the courtroom. One day she come [sic] up to the bus 'cause [sic] she was needing to pick her little boy up, had done, they were supposed to have had him on a rape charge. That's all I know. I don't know the lady's first name. Why she even told me all this, I guess because she had to pick her little boy up, and she thought she had to give me a reason for it.

Not every reply by a panelist unfavorable to a defendant, even though heard by a panel, requires the discharge of that panel. The appropriate standard for review has been succinctly expressed and applied by the Supreme Court.

Defendant complains of an incident where in qualifying the panel a prospective juror ... stated in response to questions by the court that he *knew* defendant was guilty and should have to serve on a rock pile the rest of his life. The court, on its own motion, excused [the venireman] instanter, and defendant then moved to discharge the entire panel. This was denied.... The trial court is in much better position than this court to evaluate the effect, if any, of such an unfortunate outburst upon the others, so it must be regarded as a matter to be confided to the discretion of the trial court. Upon the record before us, we are unwilling to say that there was any abuse of that discretion in denying the motion to declare a mistrial.

*State v. Scott,* 359 Mo. 631, 223 S.W.2d 453, 455 (banc 1949) (emphasis added), questioned on another subject by *State v. Swinburne,* 324 S.W.2d 746 (Mo. banc 1959).

■ The defendant argues the remark is a statement that his wife said he was guilty. This is a strained construction. The thrust of the statement was that the defendant had been charged with rape. This fact was known to all panelists. The trial court heard the manner in which the remark was delivered. It was obviously in the best position to determine its content and impact upon the members of the panel.

It did not abuse its discretion in denying the motion to discharge the panel. Cf. *State v. Eidson,* 701 S.W.2d 549 (Mo.App. 1985).

The defendant's second point is that the trial court erred in giving an instruction which submitted his guilt of rape upon a finding that he had sexual intercourse with R.J.L. during the month of May, 1986. He contends this denied him notice of the accusation against him because "the state elected, prior to trial and in response to appellant's bill of particulars, to proceed at trial on an incident of sexual intercourse ... during the month of June, 1986."

The defendant incorrectly states the record. The information charged the rape occurred between May, 1986, and August, 1986. In a bill of particulars the state alleged the rape "occurred on one or more of the following days May 1, 3, 10–24, 20–31, June 7–26 or July 1–3, 5–31, 1986...."

The defendant filed a motion for an additional bill of particulars which was pending on the day of trial. At a conference preceding the trial the defense counsel said he expected R.J.L. would testify that a rape occurred on two occasions mentioned in the bill of particulars. He was concerned "which one is it that the jury has to decide whether they believe beyond a reasonable doubt, or can half of them decide they believe one and half of them decide they believe the other one?" The prosecutor then read to the court a portion of R.J.L.'s deposition in which the prosecutrix also said rape occurred once in May, 1986. The prosecutor added that she said it also happened in June, 1986. The trial court then required the state to elect which occasion would be submitted to the jury. The prosecutor chose June. The trial court gave an instruction submitting the defendant's guilt on Count I upon sexual intercourse occurring in the month of May, 1986.

To support this point the defendant cites cases determining whether or not an information alleges the date of an offense with sufficient specificity to support a conviction. See Rule 23.01 and 23.11. Applicable principles have been summarized.

Unless time is of the essence of an offense, an allegation of time in general terms does not render an indictment invalid. *State v. Murray,* 609 S.W.2d 192 (Mo.App.1980). Time is not of the essence of rape or of statutory rape, *State v. Bowers,* 29 S.W.2d 58 (Mo.1930); *State v. White,* supra [674 S.W.2d 551 (Mo. App.1984) ]; *State v. Kammerich,* 550 S.W.2d 931 (Mo.App.1977). Time is not of the essence of deviate sexual intercourse. *State v. Allen,* 622 S.W.2d 275 (Mo.App.1981).

*State v. Ellis,* 710 S.W.2d 378, 383–384 (Mo.App.1986).

"[A] variance between allegation and proof is not fatal unless the variance was material to the merits of the case and prejudicial to the defense of the defendant." *State v. Jarrett,* 481 S.W.2d 504, 509 (Mo. 1972).

■ These principles are applicable even though the state filed a bill of particulars. *United States v. Francisco,* 575 F.2d 815 (10th Cir.1978); *People v. Steele,* 124 Ill. App.3d 761, 79 Ill.Dec. 884, 464 N.E.2d 788 (1984); *State v. Borucki,* 505 A.2d 89 (Me. 1986); *State v. Ellis,* supra. The proof was that one act of rape was committed during the month of May, 1986, a time within the period stated in the information and more specifically stated in the bill of particulars. Within the principles set forth in the cases cited above, the information was sufficient to support the instruction in question.

■ The pretrial election by the state required by the trial court does not cause the instruction to be erroneous. It is not the office of a motion to elect to require an amendment of an information. Frequently, in a trial upon a charge of a sex offense involving a minor, evidence of multiple similar sex acts will be properly admitted. *State v. Baker,* 434 S.W.2d 583 (Mo.1968). In such circumstances the office of a motion to elect is to require the state to elect by an instruction "on what specific act of intercourse it would stand for a conviction." *State v. Foster,* 299 Mo. 366, 225 S.W. 671, 672 (1920). Also see *State v. Taylor,* 335 Mo. 460, 73 S.W.2d 378 (banc

1934), 95 A.L.R. 476. Such a motion to elect between multiple acts is properly made at the close of the evidence. "At the beginning of the trial the court overruled an oral request to require the State to elect 'as to the specific incident' with which defendants would be charged. This involved a matter of evidence, not an election between different statutory offenses. There was no error." *State v. Gillespie,* 336 S.W.2d 677, 681 (Mo.1960). In view of the evidence and instruction, a motion to elect at the close of the evidence would have served no purpose. *State v. Cobb,* 359 Mo. 373, 221 S.W.2d 745 (1949). There was evidence of one act of rape in May, 1986, none in June, 1986.

■ The trial court's untimely order to elect could not have prejudiced the defendant. Until the morning of trial the defendant was aware the state would rely upon a rape in May, 1986. The prosecutrix testified without objection that the defendant did not rape her in June, but did in May, 1986. At the close of the state's case the defendant was aware the court could submit his guilt of rape only upon an act occurring in May, 1986. The defendant was not prejudiced in defending against that submission. The premature order of the court and election by the state did not amend the information and did not cause the instruction submitting rape to be erroneous.

■ By a separate point the defendant asks that his sentences be vacated and the case remanded for resentencing. He bases this point upon the proposition that in sentencing him the trial court believed § 558.026.1 made consecutive sentences mandatory. The state concedes that is true. Section 558.026.1 does not require that the sentences upon Count I and Count II run consecutively. *Browning v. State,* 735 S.W.2d 210 (Mo.App.1987); *State v. W.____ F.M.____,* 721 S.W.2d 145 (Mo.App. 1986). This point has merit.

The defendant's final point is that the trial court erred in not holding a hearing outside the presence of the jury to determine the voluntariness of his confession.

On February 13, 1987, the defendant filed a motion to suppress a tape-recorded oral statement he gave to officers at the Jasper County Jail. The motion alleged the statement or confession followed an illegal warrantless arrest in his home in the absence of exigent circumstances, citing *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), and therefore was involuntary. On February 17, 1987, the motion was "overruled at this time but will be considered with the case." Before trial on February 25, 1987, the defendant, by amendment, further alleged at the time of the statement he was under the influence of alcohol and drugs and did not comprehend his rights under Miranda. The court observed that the motion was not filed by a motion day on November 3, 1986, and was not heard on February 17, 1987, because a witness was ill. The amended motion was taken with the case. Over the defendant's objection, his confession was admitted in evidence.

The requirement of a preliminary hearing outside the presence of the jury to determine the voluntariness of a statement given by a defendant has received a myriad of expressions and refinements. The basic rule has been stated as follows. *"Jackson v. Denno,* 378 U.S. 368, 12 L.Ed.2d 908, 84 S.Ct. 1774, 1 A.L.R.3d 1205 (1964), held that a defendant's constitutional rights are violated when his challenged confession is introduced without a determination by the trial judge of its voluntariness after an adequate hearing." *Pinto v. Pierce,* 389 U.S. 31, 32, 88 S.Ct. 192, 193, 19 L.Ed.2d 31, 33 (1967).

> The Missouri practice contemplates a preliminary or voir dire examination to determine the competency of a confession before it is presented to the jury. This is a full hearing on the voluntariness of a confession out of the presence of the jury and a finding by the court that the confession was voluntary before it is admitted in evidence.

*State v. Washington,* 399 S.W.2d 109, 114 (Mo.1966). Also see Annot., Pretrial Confession–Voluntariness, 1 A.L.R.3d 1251 (1965); *Sims v. Georgia,* 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967); *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964); *Williams v. Maggio,* 727 F.2d 1387 (5th Cir.1984); *State v. Mitchell,* 611 S.W.2d 211 (Mo. banc 1981); *State v. Gower,* 418 S.W.2d 10 (Mo.1967); MAI–CR 3d 310.06.

A corollary rule concerns a record of a determination of voluntariness.

> A constitutional rule was laid down in that case that a jury is not to hear a confession unless and until the trial judge has determined that it was freely and voluntarily given. The rule allows the jury, if it so chooses, to give absolutely no weight to the confession in determining the guilt or innocence of the defendant but it is not for the jury to make the primary determination of voluntariness. Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity.

*Sims v. Georgia,* supra, 385 U.S. at 543–544, 87 S.Ct. at 643, 17 L.Ed.2d at 598. Also see *Woods v. Armontrout,* 787 F.2d 310 (8th Cir.1986), cert. denied, —— U.S. ——, 107 S.Ct. 890, 93 L.Ed.2d 842 (1986); *State v. Lytle,* 715 S.W.2d 910 (Mo. banc 1986); *State v. Garrett,* 595 S.W.2d 422 (Mo.App.1980).

The state contends the rule is not applicable to the defendant's confession because his motion to suppress does not allege any coercive activity by the officers. He relies upon the following: "We hold that coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Colorado v. Connelly,* 479 U.S. 157, ——, 107 S.Ct. 515, 522, 93 L.Ed.2d 473, 484 (1986). That case deals with the bar of the Fifth Amendment. For a basic reason it is not decisive.

The Fourth Amendment bars the admission of a confession which is the product of an illegal arrest.

These passages from *Davis [v. Mississippi,* 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969) ] and *Brown [v. Illi-*

*nois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975)] reflect the conclusion that detention for custodial interrogation—regardless of its label—intrudes so severely on interests protected by the Fourth Amendment as necessarily to trigger the traditional safeguards against illegal arrest. We accordingly hold that the Rochester police violated the Fourth and Fourteenth Amendments when, without probable cause, they seized petitioner and transported him to the police station for interrogation.

*Dunaway v. New York,* 442 U.S. 200, 216, 99 S.Ct. 2248, 2258, 60 L.Ed.2d 824, 838 (1979). Also see *Taylor v. Alabama,* 457 U.S. 687, 102 S.Ct. 2664, 73 L.Ed.2d 314 (1982); *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).

No decision of the Supreme Court of the United States has been cited or found which expressly declares that a preliminary hearing to determine the legality of an arrest or an issue of attenuation must be held out of the presence of the jury. However, that requirement has been clearly implied.

[I]n this case Garrett was obliged either to give up what he believed, with advice of counsel, to be a valid Fourth Amendment claim or, in legal effect, to waive his Fifth Amendment privilege against self-incrimination. In these circumstances, we find it intolerable that one constitutional right should have to be surrendered in order to assert another. We therefore hold that when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection.

*Simmons v. United States,* 390 U.S. 377, 394, 88 S.Ct. 967, 976, 19 L.Ed.2d 1247, 1259 (1968). Also see *United States v. Carignan,* 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48 (1951); *United States v. Shavers,* 524 F.2d 1094 (8th Cir.1975); *Harrison v. United States,* 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968); LaFave & Israel, Criminal Procedure, § 10.5 (1984).

In this case it is not necessary to determine if the requirement of such a preliminary hearing must be invoked by a motion to suppress. See Rule 24.05. Nor is it necessary to determine the scope of an objection necessary to require such a preliminary hearing. See *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed. 2d 594 (1977); *Pinto v. Pierce,* supra; *Williams v. Maggio,* supra; *State v. Groves,* 646 S.W.2d 82 (Mo. banc 1983); *State v. Williams,* 654 S.W.2d 215 (Mo. App.1983). The defendant raised the issue of an illegal arrest by a motion to suppress and by a contemporaneous objection at the trial. The admissibility of the defendant's confession should have been determined at a preliminary hearing out of the presence of the jury.

However,

[t]he proper remedy for erroneously failing to hold a *Jackson v. Denno* [378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964)] hearing is to remand to the trial court for a post-trial hearing on the issue of voluntariness: if the confession is found voluntary, the conviction stands; if the confession is found to be involuntary the accused is entitled to a new trial without the confession's [sic] being admitted in evidence.

*United States v. Davidson,* 768 F.2d 1266, 1270 (11th Cir.1985). Also see *Swenson v. Stidham,* 409 U.S. 224, 93 S.Ct. 359, 34 L.Ed.2d 431 (1972); *United States v. Shavers,* supra; *State v. Mitchell,* supra; *State v. Gower,* supra.

Accordingly, the judgment is set aside and the cause is remanded to the trial court upon the following conditions and for the following purposes. The trial court shall bring the defendant, with counsel, before it for the following proceedings and determinations.

It shall conduct a full evidentiary hearing upon the issue of the admissibility of the defendant's confession, including whether or not the confession was voluntary and whether or not the defendant's arrest or custodial interrogation was lawful or contrary to the Fourth Amendment.

If, after such hearing, the court determines such confession to have been involuntary or the impermissible product of unlawful arrest or custodial interrogation contrary to the Fourth Amendment, the defendant shall be granted a new trial upon both counts without the confession being admitted in evidence.

If the court finds and determines the confession was voluntary and not the product of an unlawful arrest or custodial interrogation, the court shall in the exercise of its discretion resentence the defendant upon the verdicts of the jury upon Count I and Count II and enter judgment accordingly. The judgment to be so entered is affirmed subject to appeal of the determination of admissibility and resentencing.

PREWITT, P.J., and FLANIGAN, J., concur.

HOGAN, J. not participating