**STATE of Missouri, Plaintiff–Respondent,**

v.

**Ricardo PATRICK, Defendant–Appellant.**

No. 53598.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of assault in the first degree, armed criminal action, and criminal possession of a short-barreled shotgun. He was sentenced by the court as a prior offender to three concurrent twenty year terms of imprisonment. We affirm.

Defendant makes no challenge to the sufficiency of the evidence. The evidence demonstrated that a police officer, Menard, after receiving information that defendant was in possession of a gun began following defendant as he walked up an alley. After defendant had walked some distance he pulled a sawed-off shotgun out of his trousers. Some distance further, as the police officer came around a corner, the defendant fired one shot at the police officer. The police officer fired three shots in response. Neither participant was struck. A chase ensued. Defendant discarded the gun and escaped. Several hours later he was apprehended at his home. Defendant testified he had gone directly home after the police officer arrived at the original

scene, that he did not go where the officer said he did, and that he did not carry or shoot a shotgun.

On appeal defendant raises three allegations of error. Initially he complains that he was unduly restricted in his cross-examination of police officer Glenn. The matter arose when defense counsel asked Glenn, "Can you explain to the jury what the procedure is when an officer fires his gun." "A. As far as what?" "Q. As far as police procedure." Objection was made on relevancy grounds and sustained. Counsel stated she believed the question went to the motive of Menard testifying. In a subsequent offer of proof, defense counsel stated:

"I believe the Police procedure is that an investigation is conducted, the officer's gun is seized from him, it is testified, they check out the gun and there is an investigation internally within the Police Department every time an officer fires his gun and that there needs to be an explanation for that or the officer is reprimanded. I don't know the particulars of it because I don't know police procedures. I'm not a policeman and I think it goes to Officer Menard's interest in the case and his motive."

The offer of proof was denied on relevancy grounds.

■ An attempt to discover the interest, bias or motive of a witness is generally proper cross-examination. *State v. Conley,* 699 S.W.2d 50 (Mo.App.1985) [1, 2]. The question of the relevancy of such information is a determination left to the sound discretion of the trial court. We review only for an abuse of that discretion. *Id.* In making an offer of proof the relevancy of the matter sought to be introduced must be specifically and clearly articulated. *State v. Umfrees,* 433 S.W.2d 284 (Mo.1968) [1, 2]. The offer here did not meet that test. It did not articulate specifically how the questions asked of Glenn would demonstrate the motives or bias of Menard. It is therefore distinguishable from *State v. Hunter,* 544 S.W.2d 58 (Mo.App.1976) and *State v. Ramos,* 121 N.H. 863, 435 A.2d 1122 (1981) relied on by defendant, both of which involved questions to the witness whose motives were being challenged. There was further no predicate laid that Menard in any way failed to follow any police procedures nor what the effect of such procedures would have on Menard's motivations. The offer was no more than a conclusory statement of relevance and the trial court did not abuse its discretion in limiting the cross-examination.

■ The next claim of error is that the trial court erred in submitting both Instruction 7[1] and 9[2] to the jury. Instruction 7 is patterned on MAI–CR3d 304.30. Instruc-

---

**1.** Instruction No. 7

Under Count I, there has been submitted to you in Instruction No. 5 the offense of assault in the first degree.

Under Count II, there has been submitted to you in Instruction No. 6 the offense of armed criminal action.

You may find the defendant guilty or not guilty under Instruction No. 5 of the offense of assault in the first degree.

You may find the defendant not guilty of the offense of armed criminal action as submitted in Instruction No. 6.

If you find the defendant guilty under Instruction No. 5 of the offense of assault in the first degree, you may find the defendant guilty of the offense of armed criminal action as submitted in Instruction No. 6. If you do not find the defendant guilty of the offense of assault in the first degree, you may not find the defendant guilty of the offense of armed criminal action as submitted in Instruction No. 6.

**2.** Instruction No. 9

Under Counts I and II there has been submitted to you in Instruction Nos. 5 and 6 the offenses of assault in the first degree and armed criminal action in connection with assault in the first degree.

The verdict possibilities for these Counts have been explained to you in Instruction No. 7.

In addition, under Count III there has been submitted to you in Instruction No. 8 the offense of criminal possession of a short barrelled shotgun.

You may find the defendant guilty or not guilty under Count III as submitted in Instruction No. 8 without regard to your findings in Counts I and II.

You must consider the evidence and law applicable to Count III separately from Counts I and II.

You should render a separate verdict as to each count submitted against the defendant.

tion 9 is patterned on 304.12. The Notes on Use to 304.12 provided:

"[t]his instruction should be used when one defendant is by separate counts charged with more than one offense and may be convicted of each, except ... (b) if MAI–CR3d 304.30 is given, MAI–CR3d 304.12 will not be given." MAI–CR3d 304.12. Notes on Use 2.

The state has conceded that the giving of both instructions was error but asserts no prejudice resulted. We agree.[3] A careful reading of both instructions makes very clear the verdict possibilities available to the jury. No misdirection occurred from use of both instructions nor do the instructions confuse the jury as to the verdict possibilities. In the absence of prejudice to the defendant noncompliance with the Notes on Use does not warrant overturning a determination of guilt by the jury. *State v. Mee,* 643 S.W.2d 601 (Mo.App.1982) [7]. We are unable to find prejudice to the defendant.

■ Finally defendant contends the trial court erred in denying defendant's request for a writ of attachment for defense witness William Bush. The only request for a writ of attachment was for witness Gregory Owens stated to be a resident of East St. Louis, Illinois. No specific statement of the materiality or necessity of the testimony of either witness was offered at trial, nor for that matter in this court. *See State v. Sykes,* 611 S.W.2d 278 (Mo.App.1980) [1–3]. The attachment was requested under Sec. 491.150 RSMo 1986 which does not have extra-territorial reach. *State v. Ivory,* 609 S.W.2d 217 (Mo.App.1980) [4]. No request was made under Secs. 491.400–491.450 RSMo 1986, the Uniform Law to Secure the Attendance of Witnesses from Within or Without a State in Criminal Proceedings. A certificate under that act may be issued or denied largely within the discretion of the trial judge. *State v. Ivory, supra,* [1]. The request was made at the close of the defendant's case. We cannot

premise error upon the trial court's failure to issue an attachment for a witness he was never requested to issue against under a statute which was not effective to compel the attendance, where no indication of materiality or necessity is advanced and where the request is at the close of trial.

Judgment affirmed.

KAROHL, P.J., and KELLY, J., concur.

---

3. We are not clear on why both instructions were not proper under the facts here where neither instruction alone deals completely with the submissions made. Notes on Use 2 however is very clear that both are not to be given. The

trial here occurred in June, 1987. Effective Nov. 1, 1987, this Notes on Use 2 was deleted and 304.30 was replaced by a verdict form, 304.48, the net result of which is to instruct the jury essentially as this one was instructed.