**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Danny DOOLEN, Defendant–Appellant.**

**No. 15461.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 22, 1988.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 14, 1988.

Application to Transfer Denied
Nov. 15, 1988.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Jim Lynn, Columbia, for defendant-appellant.

GREENE, Judge.

Danny Doolen was charged with and jury-convicted of the crime of sexual abuse in the first degree, § 566.100.1(2),[1] and was court-sentenced as a prior offender to three years' imprisonment as punishment.

On appeal, Doolen contends the trial court erred in denying his motion for judgment of acquittal filed at the close of all of the evidence, and in submitting instruction No. 5 (verdict director) because "there existed a material variance between the charge as specified in the bill of particulars and the proof adduced at trial, in that the bill of particulars alleged that appellant had subjected the victim to sexual contact by touching his genitals, but the evidence at trial established that appellant had caused the touching of his genitals to the victim, and instruction number 5 was premised upon a finding that appellant had caused the touching of his genitals to the victim."

We hold that while there was a variance between the specifications of the bill of particulars and the proof adduced at trial, such variance was not material to the merits of the cause or prejudicial to the preparation of Doolen's defense. We affirm.

The information, amended to include the allegation that Doolen was a prior offender, charged that Doolen, on a date between May 20 and May 30, 1986, committed the crime of sexual abuse in the first degree by subjecting J.F.S., a person less than 12 years old, to sexual contact. Sexual contact is defined in § 566.010.1(3) as "any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." Committee Comment to that statutory section, which is based on Model Penal Code § 213.4, states that the definition is intended to cover not only the usual situation where the actor touches the sexual areas of the victim, but also covers the situation where the actor causes another person to touch him.

Following the filing of the information, Doolen's attorney moved for a bill of particulars, as is authorized by Rule 23.04, seeking information as to the time, place, date and method of sexual contact made by Doolen. The prosecuting attorney's written response stated the offense occurred in the late evening hours on a date between May 20 and May 30, 1986, that it occurred in the home of the victim's grandmother in Webb City, Missouri, and that the sexual contact claimed was that of Doolen "touching the genitals of [J.F.S.] for sexual purposes." Defense counsel also initiated pretrial discovery, and obtained from the prosecuting attorney a sheriff's report detailing the investigation of the incident, as well as a statement given to the authorities by the child regarding the sexual abuse. The sheriff's report stated that the child told the investigating officer that during the night in question, which the boy was spending with his grandmother, Doolen, a 31 year-old man who was the child's cousin and lived at home with his mother and aunt (the child's grandmother), got in bed with the boy "and from the rear or back, Danny began hunching him, and kissing J____ on the mouth, and ... with his hands, started rubbing J____'s hot dog (penis), through his shorts." In his statement, the boy said Doolen had "hunched" him with his "[h]ot dog and behind" and rubbed the child's "hot dog."

Doolen's attorney also took the child's deposition, and had the opportunity to question the boy further regarding the specifics of the sexual contact, but failed to ask questions relating to specifics. In addition, the child testified at the preliminary hearing, where the opportunity to cross examine was present. The transcript of the preliminary hearing was not filed as a part of the record here.

At trial, the only evidence of sexual contact by Doolen with the child came from the boy's testimony. He testified that Doolen rubbed his "ding-dong" on the child's "behind" and was "rocking back and forth," and that Doolen was "rubbing my

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

tummy and kissing me." He denied that Doolen rubbed or played with the boy's genitals. Doolen did not testify in his own defense, apparently because of his prior record as a sex offender, which fact probably would have been brought out during cross-examination. His defense, supplied by his mother and aunt, was that no type of sexual abuse of the child by Doolen could have occurred because the boy never spent the night in the grandmother's home at any time during the dates alleged.

■ The child's testimony at trial, in which he used the words "ding-dong," "behind," and "rocking back and forth" in describing Doolen's actions, was sufficient to establish that Doolen deliberately rubbed his genitals against the child's anal area for the purpose of arousing or gratifying Doolen's deviate sexual desires. *See State v. Eastin,* 735 S.W.2d 50, 53 (Mo. App.1987); *State v. Moore,* 721 S.W.2d 141, 143 (Mo.App.1986), and *State v. Edwards,* 657 S.W.2d 343, 346 (Mo.App.1983). As such, it supplied all of the elements of the crime with which Doolen was charged.

■ The only question to be decided is whether the variance between the explanation in the bill of particulars concerning what method Doolen used in making sexual contact with the child, and the method described by the child in his trial testimony was of such magnitude so as to mandate reversal. We think not.

■ The purpose of a bill of particulars is limited to informing the defendant of the particulars of the offense so as to enable him to sufficiently prepare his defense. Rule 23.04; *State v. Davis,* 685 S.W.2d 907, 913 (Mo.App.1984). A bill of particulars is not a substitute for an indictment or an amendment of an information. *United States v. Francisco,* 575 F.2d 815, 819 (10th Cir.1978). It does not cure an invalid indictment or information, *State v. Hasler,* 449 S.W.2d 881, 885 (Mo.App.1969), but merely describes with greater particularity the essential facts contained in a valid information or indictment. Rule 23.-04. Before a variation between the assertions made in a bill of particulars concerning the details of a crime and proof on the

point offered at trial can be regarded as prejudicial error, it must be prejudicial to the defense of the defendant, in that it hampered his ability to sufficiently prepare his defense, and was material to the merits of the case. *State v. Wise,* 745 S.W.2d 776, 779 (Mo.App.1988). Such was not the case here.

Doolen's defense was, in essence, an alibi since his witnesses testified the child had not been in the home during the timeframe in question and, therefore, the incident could not have happened. This defense was equally available to him, and was equally applicable, both before and after the filing of the bill of particulars, regardless of which version of sexual contact the state's witnesses testified to at trial. The variance did not hamper Doolen in the preparation and presentation of his defense, and since it did not, he was not prejudiced by it. *See State v. Edwards,* 672 S.W.2d 347 (Mo.App.1984) and *Lane v. State,* 565 S.W.2d 186 (Mo.App.1978).

In addition, the variance was not material to the merits of the case. The crime alleged was sexual abuse of a child by means of sexual contact. While the method of prohibited sexual contact may vary, as is witnessed by the statutory definition, here the variance was so minuscule as to almost amount to a non-variance, and was immaterial in view of the type of defense that was presented. It is also noteworthy that defense counsel, long before trial, by reason of possession of the sheriff's report and the child's statement, knew that the state's proof at trial, or at least part of it, would be the type of testimony that actually was forthcoming and, therefore, came as no surprise to the defendant.

Since the variance was not prejudicial, the trial court did not err in denying the defendant's motion for judgment of acquittal, or in submitting instruction No. 5, which was the verdict directing instruction based on the state's theory of the case.

The judgment and sentence of the trial court are affirmed.

CROW, P.J., concurs.

HOLSTEIN, C.J., dissents, and files dissenting opinion.

HOLSTEIN, Chief Judge, dissenting.

I respectfully dissent. The discovery in this case disclosed two separate acts of sexual contact. Either act, the child being subjected to touching defendant's genitals or defendant touching the child's genitals, would support a separate charge of sexual abuse. Comment to 1973 Proposed Code, § 566.010.1(3), V.A.M.S (1979). Each act of sexual contact is a separate and distinct crime of sexual abuse.

I fear the majority opinion may be construed to support the proposition that separate acts of sexual abuse are but one crime because they occur during a single sexual encounter. The fact that two acts occur simultaneously does not mean the crimes are identical. *State v. Bolen*, 731 S.W.2d 453, 458 (Mo.App.1987). The apparent "minuscule" difference in the two acts takes on significant meaning when one considers that each act of sexual contact is a separate felony, each punishable by up to five years in prison.

The information did not specify the act upon which the State intended to rely. As the information was consistent with the approved form, it was deemed to be sufficiently definite and certain. MACH–CR 20.16 (1979) and Rule 23.01(e).

When the State failed to specify which act of sexual contact it intended to prosecute, defendant's remedy was to seek a bill of particulars under Rule 23.04. *State v. Stark*, 728 S.W.2d 301, 303 (Mo.App.1987). Defendant did so and was informed by the bill of particulars that the State intended to prosecute him for having touched the genitals of the victim.

The effect of a bill of particulars is to bind and restrict the State as to the scope of the indictment or information. *State v. Moseley*, 735 S.W.2d 46, 48 n. 1 (Mo.App. 1987). The act of sexual contact described in the bill of particulars was at variance with the act of sexual contact which was proved and submitted to the jury in the verdict directing instruction.

The State elected, by way of the bill of particulars, to proceed against the defendant for having had sexual contact by touching the genitals of the victim. Even at the close of the State's case, when the bill of particulars could have been amended to conform to the evidence, the State stood on the bill of particulars.

I disagree with the majority opinion's implication that Doolen's defense was based solely on alibi. After the State rested, the defendant moved for a directed verdict because the evidence did not support a finding that defendant touched the victim's genitals, as averred in the bill of particulars. Although the motion was well taken and should have been sustained, the defendant at that point was forced to produce such evidence as he had in his defense. The fact that the defendant presented alibi evidence did not assuage the harm inflicted by allowing the State to prove and to submit the different act of sexual contact to the jury. Defendant had every right to rely and did rely on the defense that the evidence was insufficient to show he had touched the victim's genitals.

The crux of my disagreement with the majority is the conclusion that the variance was not material to the merits of the case and was not prejudicial. *Wise*, 745 S.W.2d 776, 779 (Mo.App.1988), cited in the principal opinion, holds that a variance between the date of the offense disclosed in the bill of particulars and the date used in a verdict director was not a fatal variance because time is not an essential element of the crime of rape. *State v. Wise, supra*, at 779. While *Wise* decided time is not an essential element of rape, sexual contact, in one of its variations, is essential for the crime of sexual abuse.

A variance between what is alleged and what is proved is material when it is of such character that it could mislead the defendant at trial or deprive him of his right to be protected against another prosecution for the same offense. *Berger v. United States*, 295 U.S. 78, 83, 55 S.Ct. 629, 631, 79 L.Ed. 1314, 1318–19 (1935). I have no confidence in saying the bill of particulars did not mislead defendant or that he may not yet be subject to prosecution for touching the victim's genitals. He was neither convicted nor acquitted of that

charge. I believe the variance was material.

Finally, I believe the majority opinion does violence to the principle that an accused person cannot be brought into court to answer a charge for the commission of one offense and be convicted of an entirely different offense. Mo. Const. art. I, § 18(a); *State v. Bowles,* 360 S.W.2d 706, 708 (Mo.1962). If the State is not limited to convicting the defendant based upon the criminal act alleged in the bill of particulars, the defendant's effort to determine exactly which act the State intended to prosecute by filing the motion for a bill of particulars was an exercise in futility. I do not believe that was what was intended by the authors of the rule permitting motions for a bill of particulars.