**STATE of Missouri, Respondent,**

v.

**Raymond KENNEDY, Appellant.**

**Raymond KENNEDY, Movant–
Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 60228, 62752.

Missouri Court of Appeals,
Eastern District,
Division Seven.

June 15, 1993.

Emily N. Blood, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Chief Judge.

In this consolidated appeal, defendant, Raymond Kennedy, contests convictions of robbery in the first degree, § 569.020 RSMo 1986, armed criminal action, § 571.-015 RSMo 1986, tampering in the first degree, § 569.080.1(2) RSMo 1986, and denial of Rule 29.15 relief without an evidentiary hearing. We affirm.

On January 5, 1990, defendant and another man approached M.W. as she was getting out of her car. One of the men stuck a gun to her neck and the other stuck a gun to her back. They ordered her to get into the car, and then pushed her over to the passenger's side. The defendant took her keys and got behind the wheel. His codefendant got into the back seat. The two men took her rings off her fingers. After driving around the neighborhood, the two men let her get out of the car. Then they drove off. Three days later, police arrested defendant, who was driving the stolen car.

■ In his first of four points on appeal, defendant contends the court erred in refusing to compel the state to disclose information regarding defendant's possession of a gun. The police did not find a gun on defendant's person or in the stolen vehicle when they arrested him. Defendant claims that one of the arresting officers insinuated to the jury that, while defendant did not have a gun at the time of his arrest, defendant did have one at some other unspecified time.

The state argues there is no basis for disclosure of information regarding defendant's possession of a gun because no such physical evidence was found or introduced at trial.

Rule 25.04(A) provides:

The defense may make a written motion in the court having jurisdiction to try said case requesting the state to disclose material and information not covered by Rule 25.03. Such motion shall specify the material or information sought to be disclosed. If the court finds the request to be reasonable, the court shall order the state to disclose to the defendant that material and information requested which is found by the court to be relevant and material to the defendant's case.

We find no error. While defendant's request may have been reasonable, it was also futile. The state fully complied with the discovery rules. The state did not have any further undisclosed information concerning the defendant's possession of a gun. The arresting officers testified that no guns were found, and defendant had an

opportunity to cross-examine each of these officers.

In point two, defendant contends the court erred in refusing to issue a Writ of Body Attachment compelling a witness subpoenaed by defendant to testify. The witness indicated to defendant that he would testify. However, he failed to appear. Defendant claims the witness was necessary on the tampering charge because he would testify that defendant rented M.W.'s car from a man in the neighborhood, although the car had been identified as stolen. This witness was not relevant to and would not have offered any defense for the robbery or armed criminal action charges.

■ Section 491.150 RSMo 1986 authorizes an attachment when a witness under subpoena refuses to appear. The use of the word "may" allows some discretion for the trial court. *J.A.A. v. A.D.A.*, 581 S.W.2d 889, 895 (Mo.App.1979). Review, therefore, is under the abuse of discretion standard. *Id.*

■ We find no abuse of discretion in this case where the defendant did not indicate at trial the materiality or necessity of the absent witness' testimony. *State v. Patrick*, 757 S.W.2d 654, 656 (Mo.App. 1988). Defendant concedes that no "offer of proof" was made at trial as to what the absent witness would have testified and that no argument was made that the witness was a necessary and material witness.

■ Defendant's third point contends error in the definition of reasonable doubt as firmly convinced. Repeatedly, this court has rejected this theory following *State v. Griffin*, 818 S.W.2d 278 (Mo. banc 1991). Point denied.

Finally, defendant contends the motion court erred in denying his Rule 29.15 motion for post-conviction relief based on ineffective counsel claims without an evidentiary hearing.

■ To overcome the motion court's determination, defendant must show the court's findings of fact, conclusions of law and judgment were clearly erroneous. Rule 29.15(j); *State v. Twitty*, 793 S.W.2d 561, 567 (Mo.App.1990). To be entitled to an evidentiary hearing, appellant must: (1) allege facts, not conclusions, which if true would warrant relief; (2) allege facts that are not refuted by the record; and, (3) demonstrate that the matters complained of must have resulted in prejudice to defendant. *State v. Fitzgerald*, 781 S.W.2d 174, 188 (Mo.App.1989).

Defendant alleges the following two facts: counsel failed to object to or move to suppress his statement to police, and counsel failed to make an "offer of proof" at trial to support counsel's motion for writ of body attachment discussed in this opinion. Both are without merit.

■ To establish a claim for ineffective assistance of counsel, defendant must show his counsel's performance was deficient and the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Saunders v. State*, 738 S.W.2d 856 (Mo. banc 1987).

■ At trial, counsel did not object to the officer's testimony regarding defendant's spontaneous statement during the booking process, "What kind of time am I looking at here?" However, counsel did make a pre-trial motion to suppress defendant's statement. The court properly denied the pre-trial motion. There is no legal reason to exclude the statement. "Any statement indicating a consciousness of guilt is admissible." *State v. Girardier*, 801 S.W.2d 793, 796 (Mo.App.1991). As found by the motion court, defendant's statement indicated consciousness of guilt. No objection was available. If counsel had objected, the court would have overruled the objection. Thus, counsel's omission was not deficient performance.

■ Defendant's second claim that counsel was ineffective for failure to make an "offer of proof" to support the request for a writ of body attachment for defendant's witness also fails. Technically, the claimed failure of counsel was a failure to fully explain why the witness was needed. This may have been deficient performance, how-

ever, there is no reasonable possibility of prejudice which necessitates a fact hearing. The testimony of the absent witness would not provide a defense to two charges. The missing witness' testimony would be relevant only to whether defendant knew the car was stolen, an element of the tampering charge. The armed robbery and the taking of the vehicle were done at the same time. The identification testimony was clear and certain. The facts of this case include strong proof of three crimes committed together and defendant's unchallenged commission of two of the three. Therefore, counsel's weak effort to force a witness to testify on the third charged crime does not require an evidentiary hearing. The limited nature of the testimony is sufficient to conclude that counsel's performance did not prejudice the defense.

Judgment affirmed.

PUDLOWSKI and CRANDALL, JJ., concur.