**STATE of Missouri, Plaintiff–Respondent,**

v.

**Fred L. WILKINS, Defendant–Appellant.**

**No. 18518.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 15, 1994.

Ralph Aubuchon, West Plains, for defendant-appellant.

Steven Privette, Pros. Atty., Howell County, West Plains, for plaintiff-respondent.

GARRISON, Judge.

Appellant (Defendant) was sentenced to six months in jail and fined $100 after a jury found him guilty of the Class B misdemeanor of sexual abuse in the third degree, § 566.-

120.[1] On this appeal, Defendant alleges insufficiency of the evidence to support the conviction, instructional error, and violation of Defendant's right to compulsory process by the court's failure to issue a writ of attachment for a witness who failed to appear.

In his first point, Defendant argues that the trial court erred in overruling his motions for judgment of acquittal and for new trial because the evidence was insufficient to support the verdict. When the sufficiency of the evidence is challenged, the evidence and all reasonable inferences arising therefrom are viewed in a light most favorable to the verdict, and all contrary evidence and inferences are disregarded. *State v. Purlee*, 839 S.W.2d 584, 587 (Mo. banc 1992). We are not to weigh the evidence or determine the credibility of witnesses, but are to review the record only to determine whether there was sufficient evidence from which the jury could reasonably have found the defendant guilty beyond a reasonable doubt. *State v. Whittle*, 813 S.W.2d 336, 337 (Mo. App.1991).

The felony information in the instant case charged that Defendant, on July 13, 1991, "subjected M.B., a minor, to whom defendant was not married, to sexual contact without her consent...."[2] Sexual contact is defined in § 566.010(2) as "any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." Defendant contends that "the state presented no evidence ... that defendant touched the genitals, anus, or breasts of the complainant, but left the jury to speculation and conjecture as to whether sexual contact occurred on the basis of evidence that the defendant pushed complainant down on her bed, kissed her, was on top of her, and that complainant's underwear were [sic] missing when she awoke."[3] Therefore, the issue is whether the evidence was sufficient to establish sexual contact.

At the time of the incident, Defendant and M.B. were both high school students living about two miles apart. On the night in question, Defendant and his friend, Cory, went to M.B.'s residence for the purpose, as Defendant said, of playing a prank on her. M.B. lived with her parents and siblings in two adjacent but unconnected structures, one of which was a trailer house where M.B. and her brother slept. Between 12:00 and 1:00 a.m., Defendant entered the darkened trailer house and found his way to M.B.'s room. According to Cory's testimony, he followed a short time later but left after he recognized M.B.'s voice asking who else was in the room.

According to M.B.'s testimony, she was a heavy sleeper but was awakened by pain and a person, who she later identified as Defendant, lying on top of her; she pushed him off; and Defendant pushed her back down on the bed and started kissing her again. She further testified as follows:

Q. ... When you awoke, was there any items of your clothing that had been removed?

A. Yes, my underwear was gone.

Q. And the defendant was on top of you in the bed?

A. Yes.

Q. Was he laying flat on top of your body?

A. Yes.

. . . .

Q. Where was his groin in relation to yours?

A. Right on top of me.

Q. Was he doing anything sexual towards you?

A. I felt a lot of pain whenever I woke up.

Q. Did he do anything with his mouth?

A. Yes, he was kissing me.

. . . .

Q. When Fred left ... did he pick up or take anything with him?

---

1. All references to statutes are to RSMo 1986, V.A.M.S.

2. Defendant was charged with the felony of sexual abuse in the first degree but was convicted of the lesser included offense of sexual abuse in the third degree.

3. Consent is not an issue in this case.

A. Yes, he picked some items up from off the floor.

Q. Could you see exactly what that was?

A. I could tell they were clothes.

. . . .

On cross-examination, she testified:

Q. Now going back to the point in time where you were in the bedroom and Fred was in the bedroom with you. You never once felt Fred place his hand on your vaginal area. Isn't that correct?

A. I had felt pain and then I'd woke up. I don't know where it was.

Q. You had no idea what that was.

A. I don't know if it was pain from his hand or not.

Q. And you never felt, I don't know, say, for instance, his penis touching you in the vaginal area. Isn't that correct?

A. That's why I don't know if it was his hand or his penis.

Q. You don't know what? You say you were in pain?

A. Yes.

On redirect examination, she testified:

Q. Some part of his body was contacting you? Is that correct?

A. Yes.[4]

Defendant testified that when he entered M.B.'s room he shook her by the shoulders to awaken her, but he did not touch her vagina, press his body against her vaginal area, and did not undress. Both M.B. and Defendant testified that he left after she insisted that he do so. M.B. then reported the incident to her father who testified that she was hysterical and hard to understand.

■■■ When a defendant disputes the sufficiency of the evidence to prove sexual contact as an element of sexual abuse, the issue is whether there is at least a reasonable inference that there was the touching of the genitals or anus of any person or the breast of a female. *State v. Eastin,* 735 S.W.2d 50, 53 (Mo.App.1987). In the instant case, a

review of the evidence and all reasonable inferences in the most favorable light to the State, as we are required to do, leads us to conclude that there was evidence from which the jury could find that Defendant touched M.B.'s genitals and breasts in violation of §§ 566.010 and .120. M.B. testified that Defendant was lying flat on top of her—his groin was right on top of her. When asked if she felt Defendant put his hand in her vaginal area, she stated that she felt pain. Later, in response to a question about whether his penis was touching her in the vaginal area, she said she didn't "know if it was his hand or his penis." From this testimony it could be inferred that Defendant touched her genitals with either his hand or penis and also touched her breasts with some part of his body.

Our appellate courts have affirmed convictions on evidence of sexual contact which was less than specific. In *State v. Seemiller,* 775 S.W.2d 273 (Mo.App.1989), the requisite "sexual contact" was found to exist where defendant forced himself on top of the victim so that their pelvic regions touched through their clothing and "placed his hand between the victim's legs." In *State v. Eastin,* 735 S.W.2d 50, the evidence which the court found sufficient was the testimony of a twelve-year-old child who testified that defendant "touched me in the front and rubbed me in the back," and then apparently pointed to the areas for the benefit of the court and jury. The record, however, did not indicate specifically where she pointed. *State v. Edwards,* 657 S.W.2d 343 (Mo.App.1983), involved a five-year-old girl who testified that defendant took her pants off, placed her on a bed, kissed her "bottom," "jumped on" her, and hurt her by "bouncing hard." Her mother testified that the victim had said defendant kissed her and pointed to the area between her legs both in the front and in the back. *State v. Doolen,* 759 S.W.2d 383, involved a conviction which was affirmed on the testimony of a twelve-year-old boy that defendant rubbed his "ding-dong" on the child's "behind," and was "rocking back and

---

**4.** "Sexual contact" as an element of sexual abuse has been construed to include situations where the accused causes another person to touch him/her in sexual areas as well as the touching of the

victim. *State v. Doolen,* 759 S.W.2d 383, 384–385 (Mo.App.1988). In the instant case, the only issue submitted to the jury was whether Defendant touched the genitals or breasts of M.B.

forth." The court said, "The child's testimony at trial ... was sufficient to establish that Doolen deliberately rubbed his genitals against the child's anal area for the purpose of arousing or gratifying Doolen's deviate sexual desires." *Id.* at 385. In *State v. Ek,* 834 S.W.2d 828 (Mo.App.1992), defendant's conviction was affirmed on testimony that the eight-year-old victim was nude, and was found straddling defendant over his crotch area with his hands on her buttocks.

On the strength of the above cases and the standard of review by which we are bound, we conclude that the evidence was sufficient, albeit marginally so, to sustain the conviction. The first point is, therefore, denied.

In his second point, Defendant contends that the trial court committed reversible error in submitting Instruction No. 7 to the jury. The disputed portion of the instruction reads as follows:

> If you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on or about the 13th day of July, 1991, in the County of Howell, State of Missouri, the defendant touched the *genitals or breast* of [M.B.] either directly or through her clothing, and
>
> . . . .

■ Where there is sexual contact with various parts of the body of the victim, each represents a separate and distinct offense, even though they arose from the same set of circumstances or same transaction. *Bland v. State,* 805 S.W.2d 192, 194 (Mo.App.1991). *See also State v. Bolen,* 731 S.W.2d 453, 457–58 (Mo.App.1987). Where that is the case, the offense may be complete by the finding of either. *See State v. Oswald,* 306 S.W.2d 559, 563 (Mo.1957).

Defendant's complaint with this instruction, however, is that by submitting the two separate offenses disjunctively, the jury was told they could find him guilty if he touched either M.B.'s genitals *or* breasts. He reasons that some of the jurors could have believed that he touched her breasts while others, disbelieving that proposition, could

have believed that he touched her genitals. The possible result is that while he was found guilty by a unanimous verdict, that may not necessarily mean that all the jurors believed he touched M.B. in both places or that he touched her in one place as opposed to the other.

■ Defendant did not make this objection to Instruction No. 7 either at the time of trial or in his motion for new trial.[5] He acknowledges this in his brief and requests that we review this point for plain error. Relief is available under the plain error rule only when the alleged error so substantially affects the rights of the defendant that a manifest injustice or a miscarriage of justice results if left uncorrected. *State v. Sidebottom,* 753 S.W.2d 915, 920 (Mo. banc 1988); *State v. Mackey,* 822 S.W.2d 933, 935 (Mo. App.1991). In reviewing a jury instruction for plain error, relief is available only if the trial court so misdirected or failed to instruct the jury on the law of the case as to result in manifest injustice. *Id.*

■ Defendant refers us to *State v. Oswald, supra.* In *Oswald,* the verdict-directing instruction for the offense of sodomy authorized a finding of guilty if the jury found that the appellant inserted his genital organ into the "mouth and rectum" of the victim or "committed either of such aforesaid acts." In holding that the instruction was erroneous, the court said:

> Under the charge and the verdict some of the jurors may have agreed appellant was guilty of an offense committed with the mouth of the pathic, while others may have reached the same result with respect to an offense committed with the rectum. It cannot be determined that there was a concurrence of twelve jurors upon one definite charge of crime.

*Id.* at 563. To the same effect are *State v. Washington,* 242 Mo. 401, 146 S.W. 1164 (1912), and *State v. Jackson,* 242 Mo. 410, 146 S.W. 1166 (1912).

In *State v. Mackey,* 822 S.W.2d at 936, the court found that a disjunctive submission in a

---

5. In his objection to the instruction at trial and in his motion for new trial, Defendant argued that the evidence was insufficient to support a

submission based on touching of the breasts. That contention is not made on this appeal.

sodomy case was improper, citing *State v. Oswald, supra,* but held that there was no manifest injustice requiring a finding of plain error. In reaching that conclusion, the court acknowledged the importance of the fact that the two distinct acts constituting deviate sexual intercourse were committed simultaneously on a single day. In the instant case, the touching occurred simultaneously as one event.

In making this plain error review, we note also that the *Oswald* case was decided in 1957. In 1973 our Supreme Court first approved MAI–CR jury instructions. Instruction No. 7 is patterned after Approved Instruction 320.20, MAI–CR 3d. Under the circumstances of this case, we are unable to conclude that there has been a manifest injustice because of the giving of this instruction. This point is, therefore, denied.

In Defendant's third point, he alleges error and deprivation of his right to a fair trial and to compulsory process because of the trial court's refusal to issue a writ of attachment for State Highway Patrolman A.L. Jones after he failed to appear in response to a subpoena. The matter first arose after the State's first witness testified and before M.B. took the stand. Defendant's attorney informed the court that they had subpoenaed Trooper Jones for an earlier trial date (which had apparently been continued because of the attorney's illness), and that the trooper had been advised of the new trial date but he had not appeared. Counsel informed the court that the officer could not be reached by phone and requested that the court send someone from the Sheriff's Office to the trooper's home to be sure he would appear. The trial court suggested to counsel that he request the issuance and service of a new subpoena.

At the close of the State's case, defense counsel requested that the trial court issue a "pick-up order" for the trooper because he had still not responded to the original subpoena. A new subpoena had been issued by the clerk earlier in the trial in accordance with the court's suggestion, but there was no indication whether any attempt had been

made to serve it. Again, Defendant's attorney asked that the trooper be picked up based upon the original subpoena, which the court denied, saying that the new subpoena "serves that purpose."

After Defendant testified and before his last witness took the stand, defense counsel announced that he was at the point where "I need to call Trooper A.L. Jones." The court inquired if the trooper was present, whereupon a bailiff announced that "he's in Ellington." For the first time, defense counsel requested a continuance until the following morning to obtain service on the trooper, which was denied.[6]

The only authority cited by Defendant in support of this point is *State v. Oliver,* 572 S.W.2d 440 (Mo. banc 1978). The issue in that case, however, was whether the trial court erred in failing to grant defendant's request for a continuance to permit efforts to convince an out-of-state witness, who was not under subpoena, to return to Missouri for the purpose of testifying. It was held that the trial court did not err in denying the continuance, the court noting that the witness's deposition had been taken by telephone during the trial.

Section 491.150 provides: "A person summoned as a witness in any cause pending in any court of record, and failing to attend, may be compelled, by writ of attachment against his body, to appear...." The use of the word "may" indicates the legislature intended to make relief under the statute discretionary with the trial court. *J.A.A. v. A.D.A.,* 581 S.W.2d 889, 895 (Mo.App. 1979). Review is, therefore, to determine if that discretion was abused. *Id.*

In the instant case, our review of the record does not indicate that Defendant made an offer of proof or otherwise informed the trial court of the materiality or necessity of Trooper Jones' testimony at any time. In the absence of that showing, we find no abuse of discretion. *See State v. Kennedy,* 854 S.W.2d 847, 849 (Mo.App.1993); *State v.*

---

6. There is no issue on this appeal about denial of the request for a continuance. The only issue raised deals with the court's refusal to issue a writ of attachment against the trooper.

*Patrick,* 757 S.W.2d 654, 656 (Mo.App.1988). Defendant's third point is denied.

Judgment affirmed.

FLANIGAN, P.J., and PREWITT, J., concur.