# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1021WM

_____

Larry E. Gibbs,                                          *
                                                         *
        Appellant,                             *
                                                         *
    v.                                         *   On Appeal from the United
                                                         *   States District Court
                                                         *   for the Western District
Mike Kemna, and Jeremiah (Jay)                           *   of Missouri.
Nixon, Attorney General of the                           *
State of Missouri,                                       *
                                                         *
        Appellees.                             *

_____

Submitted: September 14, 1999
Filed: October 14, 1999

_____

Before RICHARD S. ARNOLD, BRIGHT, and LOKEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Larry Gibbs was convicted of tampering, robbery, kidnaping, forcible sodomy, and rape, and was sentenced to life in prison. After the Missouri state courts affirmed his conviction and denied him post-conviction relief, Mr. Gibbs filed a petition for a

writ of habeas corpus under 28 U.S.C. §2254 in the District Court.[1]  He claimed that the evidence at trial was insufficient to sustain the verdicts against him.  The District Court denied the petition, and we affirm.

## I.

During the early morning of November 17, 1990, Mr. Gibbs (if the evidence is to be believed) rammed a stolen car into Rosa Wilder's car.  Mr. Gibbs then broke into Ms. Wilder's car, struck her, and robbed her. Ms. Wilder drove away.  Mr. Gibbs pursued and forced her car off the road.  Mr. Gibbs broke through Ms. Wilder's window.  Ms. Wilder fled.  Mr. Gibbs caught her, beat her, and dragged her back to his car.  Mr. Gibbs drove to a dark roadside.  There he repeatedly raped, sodomized, and beat Ms. Wilder.

Terry Williams, a security guard, saw a light from Mr. Gibbs's parked car. He drove to the car to investigate.  Ms. Wilder opened the car door to activate the vehicle's dome lamp.  When the lamp turned on, Mr. Williams could see an African-American male straddling a Caucasian female.  Mr. Williams drove alongside the car and looked directly at Mr. Gibbs.  Mr. Gibbs pulled Ms. Wilder back into the car and sped away. Mr. Gibbs evaded Mr. Williams's pursuit.  Mr. Gibbs again beat, raped, and sodomized Ms. Wilder.  He then abandoned his car, allowing Ms. Wilder to drive away and escape.

Ms. Wilder and Mr. Williams had a limited ability to see Mr. Gibbs.  Soon after the beginning of Mr. Gibbs's attack, Ms. Wilder's glasses were knocked away, and she was never able to recover them during her ordeal.  Her unaided vision was very poor.  Additionally, Ms. Wilder's eyes were swollen as a result of Mr. Gibbs's beatings.  During much of  the attack, Ms. Wilder was not in a position to see her

---

[1] The Hon. Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

assailant. Mr. Williams saw Mr. Gibbs while driving past, with his sight obscured by the fogged window of Mr. Gibbs's car. Mr. Gibbs was illuminated only by the light of the car's dome lamp.

After the attack, Ms. Wilder's and Mr. Williams's descriptions of Mr. Gibbs to the police were somewhat inaccurate as to his age, height, weight, and facial hair. Neither Ms. Wilder nor Mr. Williams described a prominent scar on Mr. Gibbs's face. The police were unable to discover any physical evidence linking Mr. Gibbs to the crimes against Ms. Wilder. No fingerprints were discovered in Mr. Gibbs's car, even though Ms. Wilder believed that she had ripped a glove off his hand during her struggles. None of Mr. Gibbs's hair was found in the car. Additionally, police excluded Mr. Gibbs as the source of African-American head and pubic hairs discovered in Ms. Wilder's pantyhose and in Mr. Gibbs's car. No other relevant physical evidence was found.

In May of 1991, police arrested Odie Cole on an unrelated charge. Mr. Cole told police that Mr. Gibbs had confessed the attack on Ms.Wilder to him. Mr. Cole correctly described to police Mr. Gibbs's race, Ms. Wilder's race, and several details of the crime that had not been mentioned in newspaper accounts. Mr. Cole had a substantial criminal record. In return for his information, the state dismissed some charges against him and reduced his sentence for others. After Mr. Cole gave this information to police, Ms. Wilder identified Mr. Gibbs as her assailant from a photographic array and at a live lineup. Mr. Williams was unable to pick Mr. Gibbs from a photographic lineup. He explained that it had been too long to identify anyone. Two months afterwards, however, he identified Mr. Gibbs from a videotaped lineup. Ms. Wilder later testified that she had told her counselor that she was concerned about her identification and would like to see a picture of Mr. Cole.

Mr. Gibbs's first trial ended in a failure of the jury to agree. At his second trial, Mr. Gibbs presented a misidentification defense. Mr. Gibbs's mother testified

that he was working at the time of the attack.  Both Mr. Wilder and Mr. Williams testified that they were certain Mr. Gibbs was the assailant, and Mr. Cole recounted his version of the defendant's admissions.  The jury found Mr. Gibbs guilty on all charges, and he was sentenced to life in prison plus ten years.

## II.

Mr. Gibbs claims the evidence that identified him as Ms. Wilder's attacker was insufficient to sustain the guilty verdicts against him.  Our review of this claim is limited to determining "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979).

Mr. Gibbs argues that the witnesses identifying him were unreliable.  He notes that Ms. Wilder had weak eyesight, swollen eyes, little light to see by, and few opportunities to see her attacker.  Mr. Williams, he argues, saw the assailant in weak light, through a fogged window, while moving in his own car.  Mr. Gibbs also points to discrepancies in both witnesses's description of the attacker, their failure to notice his prominent scar, and the length of time between the attack and their identifications.  Furthermore, Mr. Gibbs argues, the only other source of identification, Mr. Cole, was completely unreliable.  Mr. Gibbs points out that Mr. Cole had a motive to lie in order to receive lenient treatment for his own crimes and in order to avenge himself against Mr. Gibbs's mother.  He concludes that in light of the exculpating physical evidence, the witnesses's testimony was insufficient to sustain the verdict against him.

We disagree, largely for the reasons explained in the District Court's able opinion.  All of Mr. Gibbs's arguments relate to the reliability or credibility of witnesses, not to the sufficiency of the evidence.  The prosecution presented two

eyewitnesses who testified they were certain that Mr. Gibbs was the assailant. They had picked Mr. Gibbs out of lineups. The prosecution presented informant testimony that Mr. Gibbs had confessed to the crime. The informant knew corroborating details of the crime that were not in any newspaper account. The testimony of any one of these witnesses, if believed by the jury, would be sufficient evidence that Mr. Gibbs was the man who attacked Ms. Wilder. Although there was conflicting evidence presented to the jury concerning the witnesses's credibility, we must presume that the jury resolved any conflicting inferences in favor of the prosecution. Id. at 326. Mr. Gibbs's factual arguments that neither Ms. Wilder, Mr. Williams, nor Mr. Cole could be believed goes to their credibility, not to the substantiality of the evidence, and credibility is for the jury to decide. Daniels v. Wood, 819 F.2d 195, 198 (8th Cir. 1987).

Accordingly, the order denying the petition for a writ of habeas corpus is affirmed.

We are grateful to appointed counsel for his vigorous representation of petitioner.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-