# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3480

_____

William Frank Loeblein,                         *
                                                *
          Appellant,                            *
                                                *
     v.                                         *    Appeal from the United States
                                                *    District Court for the Eastern
Dave Dormire,                                   *    District of Missouri.
                                                *
          Appellee.                             *

_____

Submitted:  September 13, 2000

Filed:  October 24, 2000

_____

Before HANSEN, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

William Frank Loeblein was convicted in Missouri state court of two counts of first-degree sexual assault, *see* Mo. Ann. Stat. § 566.040 (1977) (amended 1994), and four counts of first-degree deviate sexual assault, *see* Mo. Ann. Stat. § 566.070 (1977) (amended 1994), on the basis of incidents that involved his daughter, "E.M." After the Missouri Court of Appeals upheld his convictions, *see State v. Loeblein*, 934 S.W.2d 557 (Mo. Ct. App. 1997) (*per curiam*), Mr. Loeblein petitioned for habeas corpus relief

in federal court.  *See* 28 U.S.C. § 2254(a).  The district court[1] denied the petition but issued a certificate of appealability on several issues.  Mr. Loeblein appeals, and we affirm the judgment of the district court.

I.

Mr. Loeblein first argues that his prosecution was time-barred by the applicable Missouri statute of limitations.  We may not grant a habeas petition, however, unless, as relevant to this case, we conclude that the state court adjudication of the relevant claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established  Federal law as determined by the Supreme Court," *see* 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor*, 120 S. Ct. 1495, 1518-23 (2000).

Mr. Loeblein has no federal claim here, because a state court's failure properly to apply a state statute of limitations does not violate due process or, indeed, any other provision of the Constitution or a federal statute.  *Cf. Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 229 (1995); *United States v. Lyon*, 567 F.2d 777, 781 (8th Cir. 1977), *cert. denied*, 435 U.S. 918 (1978).

II.

Mr. Loeblein also maintains that his convictions violated due process because there was insufficient evidence to sustain them.  *See Jackson v. Virginia*, 443 U.S. 307, 321 (1979).  He claims that E.M.'s testimony, the primary evidence against him, often contradicted previous out-of-court statements that she made.  For example, his sexual assault convictions were based on E.M.'s testimony that he had penetrated her vagina with his penis.  E.M. admitted in court, however, that she had told her therapist that no vaginal intercourse had taken place.

---

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

Our review of this claim "is limited to determining 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (emphasis in original), *Gibbs v. Kemna*, 192 F.3d 1173, 1175 (8th Cir. 1999), *cert. denied*, 2000 WL 723291 (U.S. Oct. 2, 2000), quoting *Jackson*, 443 U.S. at 319.

Applying this standard, we find that there was sufficient evidence to sustain Mr. Loeblein's convictions. E.M. testified that Mr. Loeblein performed acts that conform to the elements of each crime charged. It is true that E.M.'s testimony did not correlate precisely with some of her out-of-court statements; but a witness's inconsistencies simply raise an issue of credibility, and the trier of fact is entitled to make the ultimate decision of whether testimony is to be believed. *See Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000). We cannot say that no rational trier of fact would have believed E.M., and the state trial court in this case apparently did believe her. A victim's testimony is, by itself, normally sufficient to sustain a conviction. *See United States v. Wright*, 119 F.3d 630, 634 (8th Cir. 1997). We therefore find that the evidence was sufficient to sustain Mr. Loeblein's conviction and, consequently, that the decision of the state courts was neither contrary to nor involved an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1).

Mr. Loeblein further contends that Missouri law requires that E.M.'s testimony be corroborated before he can be convicted of the crimes with which he was charged. We could not grant habeas relief on this ground, even if it were meritorious in the abstract, because, as noted earlier, we may grant relief only for unreasonable applications of federal law. We have previously held that a "corroboration requirement is a matter of state law which does not implicate a constitutional right cognizable on habeas review," *Redding v. Minnesota*, 881 F.2d 575, 578 (8th Cir. 1989), *cert. denied*, 493 U.S. 1089 (1990). As there is no federal issue, the state trial court's failure to require corroboration is not a ground for habeas review.

III.

Mr. Loeblein's third claim for relief is that his convictions violated the double jeopardy clause of the fifth amendment. Although he was convicted of two counts of sexual assault in the first degree and four counts of deviate sexual assault in the first degree, he contends that the evidence presented supports at most one count of each charge and that the prosecution separated what were single courses of conduct into multiple charges. Mr. Loeblein therefore claims that he received " 'multiple punishments for the same offense' " in violation of the fifth amendment, *Ohio v. Johnson*, 467 U.S. 493, 497-98 (1984), quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977).

Mr. Loeblein's convictions were based upon two incidents with his daughter. E.M. testified that her father asked her to remove her clothing and to sit on the edge of a desk, at which time he inserted the head of his penis into her vagina. When she screamed, he removed his penis. He then said, "Oh baby, let me try it one more time. If you just relax, it won't hurt as bad," and reinserted his penis into E.M.'s vagina. She screamed and he again removed his penis from her. E.M. also testified to an incident in the shower where her father forced her to perform oral sex on him, placed her hand on his penis, inserted his fingers into her vagina, and then performed oral sex on her.

We must determine whether the decision of the state courts that these convictions did not violate the double jeopardy clause was unreasonable under existing Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). The Supreme Court's decisions in *Blockburger v. United States*, 284 U.S. 299 (1932), and *In re Snow*, 120 U.S. 274 (1887), are particularly relevant to the question of when contemporaneous multiple charges may be brought for closely related occurrences. In *Blockburger*, 284 U.S. at 301-02, the Court determined that illegal drug sales that occurred on consecutive days could, consistent with the fifth amendment, be prosecuted separately. The key question was whether the crimes charged were inherently continuous or consisted of isolated acts. *Id.* at 302. The Court contrasted this with *In re Snow*,

-4-

where a man was convicted of three counts of cohabitating with more than one woman. *Id.* The cohabitation occurred over a three-year period, and each conviction was based on one year of that period. *See In re Snow*, 120 U.S. at 275-76. The Court determined that only one conviction could stand, as cohabitation was, "inherently, a continuous offence, having duration; and not an offence consisting of an isolated act," *id.* at 281.

At the relevant time, Missouri law defined sexual assault as "sexual intercourse with another person to whom he is not married and who is incapacitated or who is fourteen or fifteen years old," *see* Mo. Ann. Stat. § 566.040.1 (1977) (amended 1994). Sexual intercourse, in turn, was defined at the relevant time as "*any* penetration, however slight, of the female sex organ by the male sex organ" (emphasis supplied), *see* Mo. Ann. Stat. § 566.010(3) (1991) (amended 1994). The evidence supports a finding that Mr. Loeblein penetrated E.M., withdrew from her, announced his intention to penetrate her again, and then did so. Sexual assault under Missouri law is not inherently a continuous crime, as *any* penetration, however brief, suffices to meet the definition. We therefore find that the state courts were not unreasonable in determining that two convictions for two sexual assaults did not violate the double jeopardy clause.

The same is true for the four charges of deviate sexual assault. Deviate sexual assault was defined at the relevant time as having "deviate sexual intercourse with another person to whom he is not married and who is incapacitated or who is fourteen or fifteen years old," *see* Mo. Ann. Stat. § 566.070.1 (1977) (amended 1994). Deviate sexual intercourse, in turn, was defined at the relevant time as "any sexual act involving the genitals of one person and the mouth, tongue, hand, or anus of another person," *see* Mo. Ann. Stat. § 566.010(1) (1991) (amended 1994). The evidence here supports a finding that Mr. Loeblein violated Missouri law by placing his penis inside E.M.'s mouth, again by placing her hand on his penis, a third time by touching her vagina with his fingers, and finally by touching her vagina with his tongue. Under Missouri law, "[w]here there is sexual contact with various parts of the body of the victim, each represents a separate and distinct offense, even though they arose from the same set of

circumstances or same transaction*," State v. Wilkins*, 872 S.W.2d 142, 146 (Mo. Ct. App. 1994). Because the crime of deviate sexual assault is not inherently continuous, we cannot say that the resolution by the state courts of Mr. Loeblein's double jeopardy claim with respect to the deviate sexual assault charges was unreasonable.

## IV.

Mr. Loeblein also argues that his appellate counsel was ineffective for failing to make a confrontation clause argument based on events that occurred at trial. The victim, E.M., had been diagnosed with a multiple personality disorder, which caused her to hear voices in her head correlating to various personalities. On cross-examination, E.M. testified that one of the personalities, "Mandy," had suffered most of the abuse, while another personality, "Emma," was testifying in court. No attempt was made by Mr. Loeblein's trial counsel to speak specifically to either of these personalities, and his trial counsel raised no sixth amendment objection to E.M.'s testimony. Mr. Loeblein contends that because Mandy was the personality who endured the alleged abuse, only Mandy could testify about it. Allowing Emma to testify to the abuse suffered by Mandy violated his right to confront Mandy, Mr. Loeblein argues, and his appellate counsel's failure to raise this issue fell below the level of advocacy expected of effective counsel.

Mr. Loeblein relies on *Olesen v. Class*, 164 F.3d 1096 (8th Cir. 1999), to support his argument. In *Olesen*, 164 F.3d at 1100-01, *see also id.* at 1097-98, we found that allowing a therapist, instead of the alleged victim, to testify to sexual abuse violated the defendant's sixth amendment right of confrontation. Mr. Loeblein's case, however, differs significantly from *Olesen*, because here the victim herself testified to the alleged abuse. It is true that the expert witness in this case testified that the various personalities of persons with multiple personality disorders often do not have the same personal knowledge of what happened to the person; and thus, if the expert's testimony is believed, it is possible that E.M., as Emma, testified to information that she had only heard from Mandy.

The infirmity in Mr. Loeblein's argument is that it depends entirely on the state trial court's having believed the expert's testimony. We do not know whether or not the court did so, but the court was free to reject it, and Mr. Loeblein has the burden of proving that the court did not reject it, which he cannot do. We note, too, that none of E.M.'s testimony indicated that she did not have firsthand knowledge of everything to which she testified. Her testimony was in the first person, saying that the abuse happened to her, not that it had happened to Mandy. She was also fully aware of the details of the abuse about which she testified. The record, therefore, supports a conclusion that E.M. was personally aware of everything to which she testified.

In evaluating confrontation clause claims, we ask if "the defendant [had] 'ample opportunity to discredit' the testimony of the relevant witness," *United States v. Hall*, 171 F.3d 1133, 1146 (8th Cir. 1999), *cert. denied*, 120 S. Ct. 1437 (2000), quoting *United States v. Brown*, 110 F.3d 605, 611 (8th Cir. 1997). It seems apparent to us that the relevant witness was E.M., as she was the individual who testified to having suffered the abuse. Mr. Loeblein's trial counsel seems to have been able to conduct a full cross-examination of E.M. He challenged her on numerous details of her testimony and was never met with the response that only Mandy knew the answer to a question. Because Mr. Loeblein had the opportunity to discredit E.M.'s testimony, we find no confrontation clause violation. As there was no violation, Mr. Loeblein could not have been prejudiced by his appellate counsel's failure to raise this issue on appeal. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). There was nothing unreasonable about the Missouri courts' rejection of this claim, therefore, and consequently we deny it.

We have considered Mr. Loeblein's other claims and find them to be without merit.

V.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.