I realize we found no violation of the statute and thus need not make a constitutional analysis. Nonetheless, it seems that in "constitutionalizing" state evidentiary law, the appellant in this case, and many other litigants, have overlooked a critical part of the analysis they ask us to perform.
Appellant frames his assignment of error in terms of a denial of the constitutional right to due process of law. In order to arrive at this conclusion, the appellant must establish that a violation of the Ohio statute creating the corroboration requirement also amounts to a violation of the due process clause. This in turn requires appellant to show that the corroboration requirement is "so rooted in the traditions and conscience of our people as to be ranked as fundamental." See, In ReEveridge (April 21, 1998), Ross Co. App. No. 97CA2314, unreported; 1998 WL 224903 at 7 citing Montana v. Egelhoff (1996), 518 U.S. 37;116 S.Ct. 2013; 135 L.Ed.2d 361.
In many cases where an appellant frames an evidentiary issue in terms of a constitutional challenge, the appellant challenges a state rule that prevents the admission of otherwise relevant evidence. See Engelhoff,
supra; Crane v. Kentucky (1986), 476 U.S. 683; Chambers v. Mississippi
(1973), 410 U.S. 284. The defendant then argues that the inability to introduce this evidence amounts to fundamental unfairness, i.e. a denial of due process. However, due process concerns are involved only where the state rule of exclusion offends some principle of justice so rooted in the traditions and conscience of the people as to be ranked as fundamental. In Re Everidge at 7 citing Egelhoff at 368, 371, 377. The primary guide to making such a determination is historical practice. Id. at 368.
In this case, the appellant argues a state law placing an additional evidentiary burden upon the state in a criminal trial rises to the level of a fundamental principle of law. He does so without providing any historical basis for such a bold proposition and in spite of the fact that the Supreme Court of Ohio has indicated that the corroboration requirement did not exist in the common law and is purely a legislatively created rule. See State v. Economo (1996), 76 Ohio St.3d 56 at 58, footnote 4. Moreover, federal authority also recognizes the corroboration requirement created by state law does not implicate a constitutional right cognizable in habeas corpus. See Loeblien v. Dormire (2000),229 F.3d 724, 727.
While a failure to satisfy R.C. 2907.06 (B) would indeed entitle the appellant to an acquittal, it would be on the basis of a state law that provides protection beyond that guaranteed by the due process clause of the Ohio and United States Constitutions. For as we said in Everidge, the Fourteenth Amendment does not permit courts to engage in a finely-tuned review of the wisdom of a state rule of law under the rubric of due process. In Re Everidge at 7 citing Spencer v. Texas (1967), 385 U.S. 554,556; 87 S.Ct. 648; 17 L.Ed.2d 606.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
If the trial court or this court has previously granted a stay of execution of sentence and release upon bail, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal before expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs with Concurring Opinion.
McFarland, J.: Concurs in Judgment and Opinion and Concurs with Concurring Opinion.