Jared D. GRAVEN, Movant–Appellant,

v.

STATE of Missouri, Plaintiff–Respondent.

No. SD 30914.

Missouri Court of Appeals, Southern District, Division Two.

July 14, 2011.

Kent Denzel, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Mary H. Moore, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Judge.

Jared Graven (Graven) appeals from an order denying his amended Rule 24.035 motion to set aside or vacate his plea of guilty to the charge of voluntary manslaughter. *See* § 565.023.[1] In Graven's amended motion he alleged, *inter alia,* that the record contained an insufficient factual basis to establish that he acted under the influence of sudden passion arising from adequate cause, which Graven claims is an element of voluntary manslaughter. The motion court denied relief, and this appeal followed. We affirm.

Insofar as relevant here, the State filed a third amended information charging Gra-

ven with the class B felony of voluntary manslaughter. Count I alleged that "on or about November 15th, 2008 ... [Graven] knowingly or with the purpose of causing serious physical injury to [Victim] caused the death of [Victim] by striking him." The manslaughter charge was the highest degree of homicide alleged in the amended information. The information also alleged that Graven was a prior and persistent offender.

Three days before trial was to commence, the court held a hearing to determine whether to accept a guilty plea from Graven to that charge. The petition to enter a guilty plea contained the following statements by Graven:

5. I know that the Court must be satisfied that there is a factual basis for a PLEA OF GUILTY before my plea can be accepted. I represent to the Court that I did the following acts in connection with the charges made against me: *During a fight I caused injury to [Victim] and he died. With others, we abandoned his body and destroyed his car.*

6. My lawyer has counseled and advised with me on the nature of each charge, on all lesser-included charges, if any, and on all possible defenses that I might have in this case....

16. I know that the Court will not permit anyone to plead GUILTY who maintains he is entirely innocent, and with that in mind and because I AM GUILTY and do not believe that I could be found innocent by a jury, I wish to plead GUILTY and respectfully request the Court to accept my PLEA OF GUILTY.

In the plea petition, Graven's trial counsel certified that she had "read and fully ex-

---

1. All references to rules are to Missouri Court Rules (2009). All references to statutes are to RSMo (2000) unless otherwise specified.

plained to the defendant the allegations contained in the information in this case."

During the plea hearing, Graven said he understood the charge of voluntary manslaughter and needed no further information from his attorney or the court before entering a guilty plea. After Graven was sworn, he testified that he was there to plead guilty to voluntary manslaughter. Graven said he was familiar with that charge and was pleading guilty because he was guilty of that offense. When the court asked Graven to give his own explanation of the factual basis for his plea, he testified that he "participated in the death of somebody." The court then stated:

> Q. Sir, do you understand that the charge of voluntary manslaughter—and this alleges a date of November 15th, 2008 in Howell County, states that you knowingly, or with the purpose of causing serious physical injury to [Victim], caused the death of [Victim] by striking him?
>
> A. Yes.

Graven testified that he held Victim's hand and arms while another person struck Victim until he died. The prosecutor also stated that he intended to present testimony from an eyewitness who saw both Graven and his brother strike Victim repeatedly until he died. Graven acknowledged that he understood this would be part of the State's evidence. He also agreed that he acted in concert with his brother in beating Victim to death. The court made a finding that Graven was a prior and persistent offender. Based upon that finding, Graven could be given any sentence authorized for a class A felony. *See* § 558.016.7(2) RSMo Cum.Supp. (2008). The court accepted Graven's guilty plea to the voluntary manslaughter charge and sentenced him to life imprisonment.

Thereafter, Graven filed a timely *pro se* motion seeking post-conviction relief pursuant to Rule 24.035. Following appointment of counsel, Graven filed an amended motion that challenged, in part, the factual basis for his guilty plea to voluntary manslaughter. He alleged that the evidence failed to prove that he acted under the influence of sudden passion, which he claimed is a required element of the offense. After an evidentiary hearing, the motion court determined that Graven failed to prove that there was no factual basis for his plea and denied relief. Graven now appeals.

"Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the *motion court's findings of fact* and conclusions of law are clearly erroneous." *Stuart v. State,* 263 S.W.3d 755, 757 (Mo.App.2008); *Worthington v. State,* 166 S.W.3d 566, 572 (Mo. banc 2005). The motion court's findings are presumed correct. *Boyd v. State,* 205 S.W.3d 334, 338 (Mo.App.2006). "[T]he clearly erroneous standard is satisfied only if after a review of the entire record we are left with the definite and firm impression that a mistake has been made." *Watson v. State,* 210 S.W.3d 434, 437 (Mo.App.2006). Graven bore the burden of proving the grounds asserted for post-conviction relief by a preponderance of the evidence.

Rule 24.02 provides that a trial court "shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Rule 24.02(e). Although the rule is not constitutionally based, "its purpose is to *aid* in the constitutionally required *determination* that a defendant enter his or her plea of guilty intelligently and voluntarily." *Price v. State,* 137 S.W.3d 538, 541 (Mo.App. 2004) (italics in original). The factual basis for a guilty plea can be established

from anything that appears clearly on the record at any time before judgment is entered, including facts adduced at the sentencing hearing. *Id.* at 541–42. As long as the defendant understands the nature of the charges against him, trial courts are not required to explain every element of the crime. *Finley v. State,* 321 S.W.3d 368, 371 (Mo.App.2010). "An appellate court's focus is on whether the defendant understood the nature of the charge against him and not on whether a particular ritual was followed or every detail was explained." *Wagoner v. State,* 240 S.W.3d 159, 165 (Mo.App.2007).

■ In Graven's only point on appeal, he contends the motion court clearly erred in denying relief because the trial court lacked a factual basis to accept his guilty plea to voluntary manslaughter. Graven argues that the record from the plea hearing contains no evidence that he acted under the influence of sudden passion arising from an adequate cause. We disagree.

■ Graven's argument is based upon the premise that the existence of sudden passion is an element of the crime of voluntary manslaughter. Because that premise is incorrect, the argument fails. Acting under the influence of sudden passion arising from adequate cause is a special negative defense to the crime of conventional second-degree murder. *State v. Stidman,* 259 S.W.3d 96, 102 (Mo.App.2008); *State v. Boyd,* 913 S.W.2d 838, 842 (Mo.App.1995); *State v. Blackman,* 875 S.W.2d 122, 131 (Mo.App.1994). If there is evidence that the defendant killed the victim under the influence of sudden passion arising from adequate cause, that issue is submitted as an element of the second-degree murder instruction. *See State v. Newberry,* 157 S.W.3d 387, 392 (Mo.App.2005); *State v. White,* 92 S.W.3d 183, 190 (Mo.App.2002); *Blackman,* 875 S.W.2d at 131; MAI–CR 3d 314.04 paragraph Third and Notes on Use 4.[2] If requested by a party or the court, an instruction may be given on voluntary manslaughter. MAI–CR 3d 314.04 Notes on Use 4. That crime is submitted via MAI–CR 3d 314.08, which contains no reference to sudden passion. *Id.; see Newberry,* 157 S.W.3d at 392; *State v. Hamlett,* 756 S.W.2d 197, 199 (Mo.App. 1988).

In the case at bar, the third amended information did not charge Graven with second-degree murder. Instead, voluntary manslaughter was the highest degree of homicide charged. The State is permitted to do so when it decides not to contest the existence of sudden passion arising from adequate cause. *See* MAI–CR 3d 314.08, Notes on Use 4; *State v. Lewis,* 955 S.W.2d 563, 565 (Mo.App.1997). By charging Graven only with voluntary manslaughter, the State conceded the issue of sudden passion and removed it from the case. Accordingly, the issue of sudden passion was not a required part of the factual basis for Graven's guilty plea to the charge of voluntary manslaughter. At a minimum, the factual recital was sufficient to show that Victim's death was caused by beating and that it was Graven's purpose to cause serious physical injury to Victim. These facts are sufficient to support a conviction for voluntary manslaughter. *See* MAI–CR 3d 314.08; *Hamlett,* 756 S.W.2d at 199.[3] Point denied.

---

2. This requires the inclusion of a third paragraph to the instruction, which states "that defendant did not do so under the influence of sudden passion arising from adequate cause...." MAI–CR 3d 314.04.

3. Assuming *arguendo* that the issue of sudden passion was an element of voluntary manslaughter instead of conventional second-degree murder, Graven still would not be entitled to relief. His argument amounts to nothing more than an assertion that he is

After a review of the entire record, this Court is not left with the definite and firm impression that a mistake has been made. *See Watson v. State*, 210 S.W.3d 434, 439 (Mo.App.2006). The motion court's findings of fact and conclusions of law are, therefore, not clearly erroneous. *Id.*; Rule 24.035(k). The order denying Graven's amended Rule 24.035 motion is affirmed.

RAHMEYER, P.J., and FRANCIS, J., Concur.

guilty of a higher degree of homicide than he was actually convicted of committing. It is well settled that he is not entitled to relief on that ground. *See* § 545.030.1(17) (precluding any criminal proceeding from being affected because the evidence tends to show that the defendant is guilty of a higher degree of the offense than that of which he is convicted); *Lewis*, 955 S.W.2d at 565–66; *State v. Gaston*, 897 S.W.2d 136, 137 (Mo.App.1995); *State v. Nodine*, 810 S.W.2d 114, 115–16 (Mo. App.1991).