STATE of Missouri,
Plaintiff/Respondent,

v.

Keon A. THOMPSON,
Defendant/Appellant.

No. ED 96612.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 15, 2012.

Shaun J. Mackelprang, Karen L. Kramer, Jefferson City, MO, For Plaintiff/Respondent.

Margaret M. Johnston, Columbia, MO, For Defendant/Appellant.

SHERRI B. SULLIVAN, J.

*Introduction*

Keon A. Thompson (Appellant) appeals from the trial court's judgment entered upon a jury verdict finding him guilty of first-degree burglary, Section 569.160 [1]; first-degree assault, Section 565.050; first-degree robbery, Section 569.020; and three counts of armed criminal action, Section 571.015. We affirm.

---

1. All statutory citations are to RSMo 2006, unless otherwise indicated.

## Factual and Procedural Background

Viewed in the light most favorable to the verdict, Victim testified to the following. At about 6:00 p.m. on September 25, 2008, Victim was at his apartment with his two toddler children when Raichelle Morgan (Morgan) and Appellant paid him a visit. Morgan entered Victim's apartment armed with a gun. Appellant followed, carrying a backpack. They shoved Victim and asked him where the "stuff" was. Victim told them he did not know what they were talking about. Morgan sent Appellant to search another room, taking Victim's children with him.

Victim grabbed Morgan's gun, pointed it at her and squeezed the trigger, but it failed to fire. Morgan called to Appellant for help. Appellant returned, and he and Morgan wrestled the gun away from Victim. Morgan took a knife off a rack in the kitchen and stabbed Victim in the left side of his chest.

Appellant left the room and returned with Victim's three-year-old son. Morgan held the knife to Victim's son's neck and again demanded "the things." Victim begged Morgan to let his son go, and she eventually relented. Morgan then demanded that Victim take his shorts off. As Morgan sat down on the loveseat in the living room to search the shorts, Victim grabbed another kitchen knife and stabbed Morgan in the neck or head area. Morgan then shot Victim in the arm. Victim and Morgan struggled until Appellant came into the room, retrieved the gun, and shot Victim in the back. Victim attempted to get the gun from Appellant, but Morgan retrieved the gun and shot Victim again in the back. Morgan and Appellant then fled the apartment in Victim's red Ford Focus with Victim's PlayStation 3 and radio in Appellant's backpack.

Patrol Officers Dean O'Hara (O'Hara) and Josiah Merritt (Merritt) were radioed about the incident. O'Hara went to Victim's apartment, and Merritt spotted Appellant and Morgan driving Victim's red Ford Focus east on Dunn Road. Appellant and Morgan were eventually stopped and captured after a 20–mile car chase to Illinois. During a search of the Focus, police recovered a revolver with two live .38 rounds and three empty casings and a backpack with a PlayStation, car stereo, and media drive inside.

Victim was taken to the hospital where he was treated for substantial life-threatening injuries, including stab wounds, lacerations, and multiple gunshot injuries.

On November 5, 2008, Appellant was charged by indictment with first-degree burglary, first-degree assault, first-degree robbery, and three counts of armed criminal action for the events that transpired in which he participated with Morgan on the evening of September 25, 2008. After trial, the jury found Appellant guilty on all counts. This appeal follows.

## Points on Appeal

In his first point, Appellant claims that the trial court plainly erred in failing to intervene *sua sponte* and declare a mistrial or issue a curative instruction when the prosecutor argued in the State's closing that the jury had to decide the issue of whether Appellant acted in defense of another, *i.e.* Morgan, by only using Victim's testimony. Appellant claims this closing argument misstates the law because even though Appellant denied intentionally shooting Victim, the jury was entitled to consider the rest of the testimony and other evidence in the case in determining whether Appellant reasonably believed he needed to defend Morgan.

In his second point, Appellant asserts that the trial court plainly erred in not instructing the jury on Appellant's "claim

of right" defense to first-degree robbery because this defense was the law of the case. Appellant maintains that the court's failure to instruct the jury on Appellant's "claim of right" defense constituted prejudicial error, which resulted in manifest injustice and a miscarriage of justice because the jury was prevented from its consideration.

### Standard of Review

The standard of review for failing to declare a mistrial when warranted is abuse of discretion. *State v. Barton,* 240 S.W.3d 693, 703 (Mo.banc 2007). The trial court also has broad discretion in controlling closing argument and counsel is afforded wide latitude during summations. *State v. Hamilton,* 847 S.W.2d 198, 199 (Mo.App. E.D.1993). The standard of review for an alleged error in closing argument depends upon whether defense counsel objects. *State v. Shurn,* 866 S.W.2d 447, 460 (Mo.banc 1993). Where defense counsel does not object, as is the case here, we may review only for plain error. *Id.*; Supreme Court Rule 30.20. Under Rule 30.20, plain error will seldom be found in unobjected-to closing argument, since a holding that would require the trial judge to interrupt counsel would present myriad problems. *State v. Radley,* 904 S.W.2d 520, 524 (Mo.App. W.D.1995).

### Discussion

#### Point I

The State argued to the jury that because Appellant never admitted shooting Victim, whereas Victim testified that Appellant did shoot him, the jury was left to decide the "defense of another" instruction by using only Victim's testimony. The State followed up by stating to the jury that Appellant had to believe that the use of force was necessary to defend Morgan from what he believed to be force from Victim. The State then said, "Now, we're still using [Victim]'s testimony for this instruction." Appellant maintains that at this point the jury was misadvised of the law by the State, resulting in a manifest injustice to him.

In support of his misstatement of the law allegation, Appellant cites *State v. Avery,* 120 S.W.3d 196, 201 (Mo.banc 2003), for the proposition that, even if a defendant testifies that the gunshot was accidental, justification is still a viable defense if there is other evidence in the record to support the instruction. In *Avery,* the Supreme Court of Missouri determined that a self-defense justification instruction was warranted despite the defendant's trial testimony that the shooting was accidental because there was evidence introduced by the State concerning prior inconsistent statements by the defendant. *Id.* at 201. The Court held that such a self-defense instruction is submissible even where the defendant testifies that a killing was an accident, if the inconsistent justification evidence is offered by the state or by defendant through the testimony of a third party. *Id.*

We note, as did the *Avery* court, that this is an exception to the general rule that a defendant is not entitled to an instruction on self-defense if the defendant claims accident. *Id.* This is because self-defense constitutes an intentional but justified killing, whereas accident connotes an unintentional killing. *Id.* Self-defense and accident are therefore inconsistent. *Id.* Consequently, if a defendant takes the position at trial that a killing was accidental, as did the *Avery* defendant, that defendant normally may not also submit a self-defense instruction. *Id.*

*Avery*'s holding is inapplicable to the particular facts of the instant case. Appellant is not arguing he wanted a self-de-

fense instruction submitted to the jury that was rejected by the court. Rather, he would have liked the court to have *sua sponte* curtailed the State's closing argument to the jury. However, the State's argument does not run afoul of the holding in *Avery*. The State's closing argument, as set out in pertinent part with the alleged improper portions italicized by Appellant, went as follows:

So, third, [Appellant] did not act in lawful defense of another. Now, lawful defense of another is Instruction Number 9, and it goes through about the first page and a half explaining when you can use force to defend another person. All right. Now, according to [Appellant]'s testimony if you want to believe anything he has to say, he didn't do anything but defend ... Morgan. As far as the shooting goes, all he did was pull [Victim] off. Count 3 is shooting him. He says: I didn't even shoot him. He wouldn't even fall into this instruction if you go by his testimony. [Victim] did say he shot him. *You have to use [Victim]'s testimony to get to this point.* It says on the second page as far as this particular count goes in this case. First, if under the circumstances, [Appellant] with ... Morgan was not the initial aggressor in the encounter with [Victim]. *Now, we have to go with what [Victim] said.* He said ... Morgan stabbed him first. She had the gun the whole time. [Victim] said the only time he had the gun it wouldn't fire. These two didn't have any problem getting it to fire, but he did. There was no evidence as to why he couldn't get it to fire. A number of explanations. Maybe he had his hand on the outside of the trigger guard; maybe behind the trigger; maybe he didn't pull it hard enough. He was excited. His life was in danger. His children's life was in danger. A woman shoves her way in the house and says:

Where's the stuff, and this man goes back in the hall where his kids are. Any number of explanations why he couldn't fire that gun. You know it was true because making up trying to fire a gun at somebody is not something you lie about.

[Victim] fought with ... Morgan, got that gun, and tried to fire it at her. And [defense counsel] said: She wasn't hurting you then. He did shoot her and you'd see what happened. There were two adults.... Morgan is a woman, but she's a fair-sized woman. There were two adults in that apartment and [Victim] was by himself, except for his two children. You saw what happened when he did shoot somebody. [Appellant] came out and the two of them got the gun back and he ended up getting shot three times. In retrospect he had the right idea, trying to shoot one of them. He didn't shoot them, and it didn't work out very well for him.

Moving on with this instruction, *according to [Victim] ... Morgan was the initial aggressor. You don't go any farther than that.* Then going to the second part of that [Appellant] has to believe that the use of force was necessary to defend ... Morgan from what she believed to be force from [Victim]. *Now, we're still using [Victim]'s testimony for this instruction.* According to him, when he had the gun he never pulled it off. They had got him passing the gun back and forth. There was no defending each other. They were the ones with the gun.

The third one here is use of deadly force to protect her from death or serious physical injury from [Victim]. Well, there was only one gun there and they were the only ones that had it. So, this instruction, set this aside. *There's no evidence as to this instruction whatsoev-*

*er*. That qualifies under Assault First and that's the third part. Then you get down to acting together, passing the gun back and forth, shooting him.

A prosecutor may argue any inference from the evidence that he or she believes in good faith is justified. *State v. Partridge*, 122 S.W.3d 606, 611 (Mo.App. E.D.2003). In our case, the State's declared position was that Appellant's denial of intentionally shooting Victim means that the jury had to take Victim's word that Appellant did intentionally shoot him in order to proceed in its consideration of whether Appellant's intentional shooting of him was justified, by being in defense of Morgan. This is an argument that the prosecutor is permitted to make. The argument does not run afoul of the law, and in fact, is logical. The State is merely positing that the evidence, logically followed, does not support an argument that Appellant acted in defense of another, *i.e.*, the jury cannot rationally proceed from a belief of Appellant's version, that he accidentally shot the gun, if at all, to the next step of whether that accidental shooting was justified. A shooting cannot be both an accident and justified, *Avery*, 120 S.W.3d at 201, unless the particulars of inconsistent justification evidence offered by the State or by the defendant through the testimony of a third party as set out in *Avery* are present, which they are not here. The State has the right to argue the evidence and the reasonable inferences from that evidence. *State v. Delancy*, 258 S.W.3d 110, 116 (Mo.App. E.D.2008).

A conviction will be reversed for improper argument only if it is established that the comment had a decisive effect on the jury's determination. *State v. Parker*, 856 S.W.2d 331, 333 (Mo.banc 1993). Here, the State's argument was not improper and even if it was, for such a decisive effect to occur, "there must be a reasonable probability that, in the absence of these comments, the verdict would have been different." *State v. Roberts*, 838 S.W.2d 126, 132 (Mo.App. E.D.1992). Appellant has the burden of demonstrating that the alleged errors resulted in manifest injustice to him. *State v. Childers*, 801 S.W.2d 442, 444 (Mo.App. E.D.1990). Appellant has not done so here.

Further, Appellant's failure to request a mistrial at the time of the State's allegedly improper statements during closing argument is fatal to his argument on appeal that the trial court erred in failing to grant a mistrial based on the statements. Trial judges are not expected to assist counsel in trying cases, and trial judges should act *sua sponte* only in exceptional circumstances. *Radley*, 904 S.W.2d at 524. Because trial strategy looms as an important consideration in any trial, assertions of plain error concerning matters contained in closing argument are generally denied without explication. *State v. Vaughn*, 32 S.W.3d 798, 800 (Mo. App.S.D.2000). A trial court should avoid granting a mistrial on its own motion because a defendant has the right to have his trial completed by the jury that was sworn to hear his case and a retrial would be barred by the Double Jeopardy Clause if any prejudice could have been cured by a less drastic remedy. *State v. Marlow*, 888 S.W.2d 417, 420 (Mo.App. W.D.1994); *State v. Weeks*, 982 S.W.2d 825, 838 n. 13 (Mo.App. S.D.1998).

For all of the foregoing reasons, Point I is denied.

### Point II

In his second point, Appellant maintains that the court's failure to instruct the jury on Appellant's theory of "claim-of-right" was error because it prohibited Appellant from presenting to the

jury a viable defense to the first-degree robbery charge against him. Regarding the charge of first-degree robbery, the jury was instructed to find Appellant guilty if:

As to Count V, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about September 25, 2008, in the County of St. Louis, State of Missouri, [Appellant] or another took a PlayStation III video console and a Ford Focus automobile, which was property in the possession of [Victim], and, Second, that [Appellant] or another did so for the purpose of withholding it from the owner permanently, and

Third, that [Appellant] or another in doing so used physical force on or against [Victim] for the purpose of preventing or overcoming resistance to the taking of the property, and

Fourth, that in the course of taking the property, [Appellant] or another was armed with a deadly weapon, then you are instructed that the offense of robbery in the first degree has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fifth, that with the purpose of promoting or furthering the commission of that robbery in the first degree, [Appellant] aided or encouraged another person in committing the offense, then you will find [Appellant] guilty under Count V of robbery in the first degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find [Appellant] not guilty of that offense.

MAI–CR 3d 323.02.

 Appellant made no objection to the instructions as given nor did he request a "claim-of-right" defense instruction. Therefore, he has failed to preserve this issue for review and we review, if at all, for plain error only. Rule 30.20. "In the context of instructional error, plain error results when the trial court has so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict and caused manifest injustice or miscarriage of justice." *State v. Bolden*, 2011 WL 4366416 *2 (Mo.App. E.D.2011). "Instructional error, even if clear and obvious, is rarely found to result in manifest injustice or a miscarriage of justice, requiring reversal for plain error." *Id.*

 The claim-of-right defense, like self-defense, is a special negative defense. *State v. Quisenberry*, 639 S.W.2d 579, 583 (Mo.banc 1982). The trial court did not plainly err in failing to *sua sponte* instruct the jury as to a claim-of-right defense because Appellant was not entitled to the instruction. Appellant was charged with first-degree robbery. under Section 569.020. The Section 570.070 claim-of-right defense is *by its terms* applicable only to those persons charged with stealing under Section 570.030, to-wit:

1. A person does not commit an offense *under section 570.030 if*, at the time of the appropriation, he

(1) Acted in the honest belief that he had the right to do so; or

(2) Acted in the honest belief that the owner, if present, would have consented to the appropriation.

2. The defendant shall have the burden of injecting the issue of claim of right.

Section 570.070 (emphasis added). Appellant was not charged with stealing under Section 570.030, and he is attempting to use a statutory defense limited to that particular statutory offense to a far more serious and dangerous offense, which is

not included in the same Chapter. By its terms, the claim-of-right defense is simply not available to Appellant's first-degree robbery charge. Point II is denied.

### Conclusion

The judgment of the trial court is affirmed.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.