VENIREPERSON BAUMGARTNER: No.

STATE of Missouri, Respondent,

v.

Cary L. BANEY, Appellant.

No. ED 104363

Missouri Court of Appeals,
Eastern District,
**DIVISION FOUR.**

Filed: April 18, 2017

FOR APPELLANT: Matthew Alan Radefeld, Michael Bernard Murphy, 7710 Carondelet Avenue, Suite 350, Clayton, Missouri 63105.

FOR RESPONDENT: Joshua Hawley, Daniel Neal McPherson, 221 West High Street, P.O. Box 899, Jefferson City, Missouri 65102.

## OPINION

James M. Dowd, Presiding Judge

Cary L. Baney, a chiropractor, was found guilty by a jury in the circuit court of Montgomery County of one count of deviate sexual assault arising out of the unwelcome touching by Baney of a female patient's genitals with his hand during an office visit in August 2013. Baney was sentenced to five years' imprisonment. Baney appeals, asserting three points of error: (1) that the trial court erred in denying his amended motion for a new trial based on Baney's post-trial discovery that C.P. ("Victim") was pursuing a civil claim for damages against him because that new evidence would likely result in Baney's acquittal; (2) that the trial court erred in denying his motion for a new trial because a comment made by prospective juror number thirty-eight ("Prospective Juror 38") during *voir dire* tainted the panel and the State used the prejudicial comment in closing argument to improperly prejudice the jury against Baney; and (3) that the trial court erred in denying his motions for judgment of acquittal because the State failed to adduce sufficient, credible evidence to make a submissible case. We affirm.

## Factual and Procedural Background

In August 2013, Victim began seeing Baney for back pain. On August 23, 2013, Victim had her third appointment with Baney. Initially that appointment proceeded like her other appointments until Baney lifted her pants and underwear with his right hand and touched her genitals with his left hand. This startled Victim and Victim's reaction caused Baney to remove his hands. Victim sat up, grabbed her things to leave, and as she did, she saw Baney move his left hand up to his nose and smell his fingers. On August 29, 2013, Victim went to see her nurse practitioner for a routine well-woman exam and during that appointment Victim told her nurse practitioner what happened at Baney's office. Victim's nurse practitioner encouraged Victim to report what transpired to the police and a few days later Victim reported it to a police officer that she knew.

Baney was charged with one count of deviate sexual assault, and on February 16, 2016, the case was tried before a jury. During *voir dire*, the State asked the venire panel if anyone knew Baney and Prospective Juror 38 responded affirmatively. The State then asked if Prospective Juror 38 knew Baney on a personal or professional level and she stated that she had been to Baney's office one time. The State then asked Prospective Juror 38 whether anything about that office visit would affect her decision in this case and she replied, "Probably so." The State asked Prospective Juror 38 whether she would be able to set that aside and make her decision solely upon the evidence presented and she said no. Prospective Juror 38 was stricken for cause on the State's motion without any objection by Baney.

At trial, Victim, Victim's nurse practitioner, and the police officer who investigated the case testified on behalf of the

State. Neither the State on direct nor defense counsel on cross-examination elicited any testimony from Victim about any motive she may have had in making the criminal allegations against Baney. At the conclusion of the State's case, Baney filed a motion for judgment of acquittal based on the State's failure to make a submissible case. The court denied Baney's motion.

Baney, Baney's mother, who worked part-time in an administrative capacity for Baney, and another one of Baney's patients who was in the waiting room when Victim left on the day of the incident all testified on behalf of the defense.

During the rebuttal portion of its closing argument, the State argued at length that Victim had nothing to gain from this case. The State also argued that while there was evidence that Baney had thousands of clients, he wondered how many of those clients had only one appointment with Baney, allowing the inference that perhaps Victim was not Baney's only victim and that others had not spoken out about Baney. No objection was made by Baney to any of these assertions by the State. On February 16, 2016, the jury found Baney guilty of one count of deviate sexual assault.

On March 10, 2016, Baney filed a motion for judgment of acquittal and a motion for new trial. The next day, a civil attorney representing Victim sent Baney a letter of representation indicating that Victim was making a civil claim against Baney with Baney's insurance carrier. On March 14, 2016, Baney filed amended motions for judgment of acquittal and for new trial, alleging that there was new evidence that was not available at trial. Specifically, Baney referenced the letter sent to him from Victim's civil attorney, but Baney did not file any other evidence with his amended motions.

On May 4, 2016, the parties arrived for Baney's sentencing and the court heard argument on the aforementioned amended motions. The State denied having any knowledge at trial that Victim intended to pursue a civil claim for damages against Baney. The court denied the motion finding that the issue of Victim's intent to pursue a civil claim against Baney in the context of her motive for alleging these criminal charges against Baney could have been raised at trial but had not been. Thereafter, Victim gave a victim impact statement to the court but again Victim was not questioned regarding Baney's claim of newly-discovered evidence and no evidence was presented in support of Baney's amended motions, only his counsel's argument. This appeal follows.

## Standard of Review

On direct appeal, we review for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. *State v. Morrow*, 968 S.W.2d 100, 106 (Mo.banc 1998). We review the facts in the light most favorable to the verdict. *Id.* Issues that are not properly preserved for appeal may be considered only if the court finds that manifest injustice or a miscarriage of justice has resulted therefrom. *Id.*

**I. The trial court did not abuse its discretion in denying Bailey's amended motion for new trial based on purported new evidence.**

In his first point on appeal, Baney contends that the trial court erred in denying his amended motion for a new trial because the post-trial revelation that Victim was bringing a civil claim for damages against Baney would likely have resulted in Baney's acquittal had it been revealed during trial because it would have shown Victim's motive and would have cratered her credibility. We find that the trial

court's rejection of the motion based on its finding that Baney could have explored the issue of Victim's motive at trial but failed to do so was not an abuse of discretion.

■ Our review is guided by Rule 29.11,[1] which allows the trial court to grant a new trial upon good cause shown. Rule 29.11(f) states when any after-trial motion, including a motion for new trial, is based on facts not appearing of record, affidavits may be filed, and depositions and oral testimony may be presented. New trials based on newly-discovered evidence are disfavored, and the trial court has substantial discretion in deciding whether a new trial should be granted. *State v. Stewart*, 313 S.W.3d 661, 665 (Mo.banc 2010). The trial court's decision will be affirmed unless the trial court abuses its discretion. *Id.* An abuse of discretion occurs when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id.*

■ To obtain a new trial based on newly-discovered evidence, Baney was required to show: (1) the facts constituting the newly-discovered evidence came to his knowledge after the trial; (2) his lack of prior knowledge was not owing to want of due diligence on his part; (3) the newly-discovered evidence is so material that it is likely to produce a different result at a new trial; and (4) the evidence is not merely cumulative evidence or evidence impeaching a witness's credibility. *Id.* (citing *State v. Terry*, 304 S.W.3d 105, 109 (Mo. banc 2010)). The exercise of due diligence in this regard requires " 'that degree of assiduity, industry or careful attention called for under the circumstances of the

case and does not require impeccable, flawless investigation in all situations.' " *Young v. St. Louis Pub. Serv. Co.*, 326 S.W.2d 107, 112 (Mo. 1959) (quoting *Foerstel v. St. Louis Pub. Serv. Co.*, 241 S.W.2d 792, 795 (Mo.App. 1951)). An attempt to discover the interest, bias, or motive of a witness is generally proper cross-examination. *State v. Patrick*, 757 S.W.2d 654, 655 (Mo.App.E.D. 1988); *State v. Hunter*, 544 S.W.2d 58, 60 (Mo.App. 1976) (recognizing the right to cross-examine a witness as to a witness' expectation or hope of monetary or other financial gain).

■ Here, we find that Baney's claim fails because the lack of prior knowledge about Victim's motive was due in large part to Baney's failure to ask Victim about her motive. In fact, there is nothing in the record showing that Baney asked Victim about her motive at trial or at Victim's pre-trial deposition.

We further find that Baney's assertion here is based on a speculative assumption that Victim, in fact, was motivated to allege this criminal charge in order to set up a civil claim to benefit herself financially. The record is silent on Victim's pre-verdict motive. Moreover, the record does not justify drawing an inference from the post-conviction receipt of a letter from a lawyer announcing that Victim was pursuing a civil claim that Victim had that motive at any time prior to when that letter was sent. An equally viable inference is that the genesis of the civil claim was the jury's decision to convict.

Perhaps Victim had planned to sue Baney for civil damages from the date of her first appointment with Baney or perhaps she did not decide to do so until after the conclusion of Baney's criminal trial. Baney

1. All references to rules are to the Missouri Supreme Court Rules (2016) unless otherwise indicated.

certainly had opportunities to explore this issue pre-trial, at trial, and post-trial. Indeed, the issue of a criminal complainant's motivation, particularly in a case alleging sexual assault occurring during a private encounter between a health care provider and a patient which necessarily has only two witnesses, is often the critical issue in the case. However, the record is bare on this issue and we cannot speculate about matters that are not in the record, and Baney has failed to establish that the trial court abused its discretion in denying his amended motion.

Moreover, Baney failed to take advantage of the opportunity Rule 29.11(f) affords to illuminate the record on his motion for a new trial with affidavits, depositions, and oral testimony. Baney did not put forth any such evidence with his motion for new trial. To the contrary, nothing was presented in support of his motion beyond his counsel's argument. And while Baney complains that he should have been granted an evidentiary hearing, he did not request one in his motion or ask for anything more than the argument he presented to the trial court. Thus, we find that he has failed to properly preserve this issue for appellate review. *State v. Morgan*, 546 S.W.2d 207, 208 (Mo.App. 1977); *State v. Jones*, 531 S.W.2d 67, 75 (Mo.App. 1975). Point denied.

**II. Baney failed to preserve his argument regarding the State's alleged improper closing argument and we decline plain error review.**

In point II, Baney argues that the trial court erred in denying his motion for a new trial because a comment made by Prospective Juror 38 during *voir dire* tainted the panel and the State used the prejudicial comment in closing argument to improperly prejudice the jury against Baney. Specifically, Baney contends that the State improperly referred to Prospective Juror 38's statement that she had been to Baney's office once and that her visit would prevent her from being fair and impartial during the rebuttal portion of the State's closing argument. The problem with Baney's argument is that Baney failed to object to the State's closing argument and has therefore failed to preserve this issue, and we decline plain error review.

Plain error relief is rarely appropriate for claims involving closing arguments because the decision to object is often a matter of trial strategy. *State v. Anderson*, 306 S.W.3d 529, 543 (Mo.banc 2010). Closing arguments must be examined in the context of the entire record. *Id.* Under plain error review, a conviction will be reversed for improper closing argument only when it is established that the argument had a decisive effect on the outcome of the trial and amounts to manifest injustice. *Id.* The burden to prove the decisive effect is on the appellant. *Id.*

Further, we are hesitant to exercise plain error review of closing argument because it pressures the trial court into the situation of uninvited interference with summation and a corresponding increase in the risk of error by such intervention. *Morrow*, 968 S.W.2d at 118. Thus, the plain error rule is to be used sparingly and may not be used to justify a review of every point that has not been preserved for appellate review. *State v. Jones*, 427 S.W.3d 191, 195 (Mo.banc 2014). We will exercise our discretion to review for plain error only where the appellant asserting error establishes facially substantial grounds for believing that the trial court's error was evident, obvious, and clear, and that manifest injustice or a miscarriage of justice has resulted. *Id.* If the appellant fails to make this showing, we will decline plain error review. *Id.*

The State may argue any inference from the evidence that he or she believes in good faith is justified. *State v. Thompson*, 390 S.W.3d 171, 176 (Mo.App. E.D. 2012). The State has the right to argue the evidence and the reasonable inferences from that evidence. *Id.* The trial court is vested with considerable discretion in controlling the content of closing argument. *State v. Gaston*, 897 S.W.2d 136, 138 (Mo.App.W.D. 1995). Indeed, the trial court is not expected to assist counsel in trying cases and should act *sua sponte* only in exceptional cases. *Thompson*, 390 S.W.3d at 176.

Here, Baney made no objection to any of the State's closing argument allegedly referencing Prospective Juror 38's statement made during *voir dire*. This failure is fatal to Baney's argument. *State v. Kempker*, 824 S.W.2d 909, 911 (Mo.banc 1992). If Baney wanted to preserve this issue for our review, he was required to raise it with the trial court and he failed to do so. Moreover, Baney's contention that the State was referring to Prospective Juror 38's *voir dire* statement in its closing argument is speculative at best and does not rise to the level of warranting plain error review. Point denied.

### III. The State adduced sufficient evidence to support Baney's conviction.

In point III, Baney asserts that the trial court erred in denying his motions for judgment of acquittal because the State failed to adduce sufficient, credible evidence to make a submissible case. Specifically, Baney argues that the evidence was in such conflict that it failed to establish that Baney was guilty beyond a reasonable doubt for deviate sexual assault. We disagree.

We review a challenge to the sufficiency of the evidence only to determine whether the State introduced sufficient evidence at trial for a reasonable juror to have found that each element of the offense was established beyond a reasonable doubt. *State v. Bateman*, 318 S.W.3d 681, 686-87 (Mo.banc 2010). This is not an assessment of whether the court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *State v. Nash*, 339 S.W.3d 500, 509 (Mo.banc 2011). All evidence favorable to the State and the reasonable inferences drawn therefrom are accepted as true, and all evidence and inferences to the contrary are disregarded. *Id.* Great deference is allotted to the trier of fact and we will not reweigh the evidence. *Id.*

The jury had to find the following four elements beyond a reasonable doubt to find Baney guilty of deviate sexual assault: (1) that on August 23, 2013, Baney touched Victim's genitals with his hand; (2) that such conduct constituted deviate sexual intercourse; (3) that Baney did so without Victim's consent; and (4) that Baney knew or was aware that he did not have Victim's consent. MAI-CR 3d 320.15 (Sep, 1, 2014). Deviate sexual intercourse means any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person. *Id.*

At trial, Victim testified that Baney placed a wedge between her legs and while standing behind her he lifted up her pants and underwear with his right hand and used his left hand to touch her genitals. After Baney removed his hand, Victim testified that she sat up and grabbed her

phone to leave and saw Baney smelling his fingers on his left hand. Victim testified that she did not give Baney consent to touch her genitals. Baney denied touching Victim's genitals and admitted that there was no medical reason why a chiropractor would need to touch a woman's genitals. This was sufficient evidence for a reasonable juror to find Baney guilty of deviate sexual assault. While Baney contends that the only evidence supporting his conviction is Victim's testimony, a criminal conviction may be sustained by the victim's testimony alone, *State v. Jackson*, 439 S.W.3d 276, 278 (Mo.App.E.D. 2014), and it was for the trier of fact to weigh any conflicts in the evidence. Point denied.

### Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Kurt S. Odenwald, J., and Gary M. Gaertner, Jr., J., concur.